REICHHOLD CHEMICALS, INC., a
Delaware Corporation, Plaintiff,

v.

TRAVELERS INSURANCE COMPANY,
a Connecticut Corporation, Defendant.

Civ. A. No. 81–71529.

United States District Court,
E. D. Michigan, S. D.

Aug. 3, 1982.

---

Gregory M. Kopacz, Timothy R. VanDusen, Detroit, Mich., for plaintiff.

Larry S. Baker, Southfield, Mich., for defendant.

## MEMORANDUM OPINION

JULIAN ABELE COOK, Jr., District Judge.

Plaintiff, Reichhold Chemicals, Inc. [Reichhold], commenced the instant cause of action by filing a Complaint with this Court on May 13, 1981. Reichhold is a chartered corporation under the laws of the State of Delaware, with its principal place of business in the State of New York. Here, it seeks a declaratory judgment against Defendant, Travelers Insurance Company [Travelers], an insurance company that has been licensed by, and maintains its principal place of business in, the State of Connecticut. This action has been brought under the authority of the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has original jurisdiction over the issues in this Complaint under 28 U.S.C. § 1331, in that the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs, and is between citizens of different states.

As grounds for a Complaint which was filed with this Court in the case of *Bandurske v. Reichhold Chemicals, Inc.,* Civil Ac-

tion No. 79–71346, Leonard Bandurske [Bandurske] has alleged that he sustained an injury on December 3, 1976 while unloading and/or alighting from a vehicle during the course of his employment for Rogers Cartage Company [Rogers Cartage]. At all times that are relevant to these proceedings, Rogers Cartage was the titled owner of the vehicle with which Bandurske was involved at the time of his mishap. Bandurske asserts that, on April 1, 1976, Travelers issued Liability Insurance Policy No. TRUB 102T298–0–76 to Rogers Cartage (effective from April 1, 1977 to April 1, 1978) which provided coverage against loss from liability arising from the ownership, maintenance or use of the insured's vehicles. This policy was in full force and effect on December 3, 1976. Bandurske, in his Complaint, alleges, *inter alia*, that Reichhold breached its duties to him by (1) allowing excess chemicals to accumulate on the top of his vehicle, (2) failing to provide adequate drainage, (3) failing to repair and maintain the vehicle so as to insure that hazardous conditions would not prevail.

On page three of its Complaint, Reichhold asserts that "Bandurske's mishap on December 3, 1976 arose out of the ownership, maintenance or use, including the loading and unloading, of a vehicle owned by Rogers Cartage and insured by Travelers." In addition, Reichhold contends that "[1] Reichhold is entitled to coverage under the applicable Travelers' policy as an insured and/or user of the subject vehicle . . . . [2] [U]pon information and belief, Rogers Cartage is in such relation to Travelers and to Reichhold, by reason of Rogers Cartage's status under the Travelers' policy of insurance that to the extent Travelers refuses to undertake and/or assume Reichhold's defense, Rogers Cartage is obligated to do so . . . . [3] Travelers and Rogers Cartage were placed on notice of Bandurske's claim and complaint and given an opportunity to defend Reichhold, but have declined . . . . [4] Travelers and Rogers Cartage, while being obligated to defend Reichhold in the Bandurske action, have wrongfully refused to do so." As a result, Reichhold seeks an adjudication which will require Travelers to (1) defend it in the pending Civil Action No. 79–71346, (2) pay any judgment up to the limits of the policy, (3) pay the complete costs of defense, and (4) reimburse it for the payment of any settlement made in that action. On June 11, 1981, Travelers filed an Answer with this Court as well as a Motion to Dismiss. Thereafter, on June 23, 1982, Reichhold filed a Memorandum in Opposition to the Motion to Dismiss. Oral argument was heard before the Court on Friday, June 25, 1982 at 2:00 p. m. The Motion to Dismiss is now before the Court for a determination.

Travelers presents several positions in support of its Motion to Dismiss. First, it is argued that Plaintiff is not a real party in interest, and should not be permitted to proceed in this action. Travelers notes that (1) Federal Rule of Civil Procedure 17(a) provides, in pertinent part, "(e)very action shall be prosecuted in the name of the real party in interest" and (2) Reichhold, in response to Interrogatories 43, 44 and 45, conceded, in essence that "[i]rrespective of the outcome of [this] declaratory judgment action, Reichhold will be provided with defense and indemnity in the Bandurske case." Travelers argues that, because "(1) Reichhold has neither control of the litigation [nor] any interest in the outcome of the litigation [and (2) ] Hartford has admitted it has primary coverage under its policy for the loss claimed by . . . Bandurske . . , has assumed the defense of the Bandurske case and is paying the attorney it hired in this case and the Bandurske case . . ," Reichhold cannot possibly suffer any loss on account of the Bandurske case, irrespective of the outcome of this declaratory judgment action. Therefore, Travelers concludes that Reichhold, with nothing to gain or lose in the instant proceeding, is merely a "straw man" for Hartford. *See Buhonick v. American Fidelity and Casualty Co.*, 190 F.Supp. 399 (W.D.Penn.1960); *Travelers Insurance Co. v. American Casualty Co.*, 151 Mont. 198, 441 P.2d 177 (1968).

Second, Travelers asserts that this Court lacks jurisdiction over the instant cause of action, because no "case or controversy" is present. It notes that the Declaratory

Judgment Act, 28 U.S.C. § 2201, provides that Federal Courts may issue declaratory judgments only in cases of "actual controversy." Travelers contends that this requirement is "a jurisdictional prerequisite of constitutional dimension," see *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979), and that Reichhold "has the burden of supporting the jurisdictional allegations of the complaint by competent proof," see *Super Products Corp. v. D. P. Way Corp.*, 546 F.2d 748, 752 (7th Cir. 1976); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). Travelers asserts that "(s)ince this action is, in reality, merely a dispute between two insurance companies, only one of which is a party," there is no actual case or controversy between Reichhold and Travelers before the Court within the meaning of the Declaratory Judgment Act, and, as such, this Court lacks subject matter jurisdiction and should dismiss the instant cause of action under Federal Rule of Civil Procedure 12.

Finally, Travelers argues that, even if there is subject matter jurisdiction over the instant cause of action, the Court should exercise its discretion and decline to grant the request for declaratory relief because a declaratory judgment in favor of Reichhold in the instant case would merely establish that Travelers, along with Hartford, have a duty to defend, as well as a duty to pay on behalf of, Reichhold.

In response to Travelers' first argument (to wit, real party in interest), Reichhold notes that "(t)he proper construction to be placed on the phrase 'real party in interest' does not ... require the Court to look beyond the rights being asserted and focus on who will ultimately benefit from the Court's decision." Reichhold sets forth two specific interests which it allegedly has in the instant action. First, Reichhold contends that the Court should take judicial notice that an adverse judgment against it may have a "market effect on future premiums and/or insurability." Second, Reichhold asserts that it "has an interest in who defends it and how the defense proceeds."

Reichhold also denies Travelers' contention that this Court lacks subject matter jurisdiction under the Declaratory Judgment Act, asserting that it "clearly has an interest and the need to maintain the action at this time since its premiums can be affected, (citations omitted); since the duty to defend is a current issue as to which the parties are in conflict, (citations omitted); since questions relating to duty to defend and ultimate responsibility for the laws can affect the ultimate disposition and/or settlement of the Bandurske case, (citations omitted)."

## I. REAL PARTY IN INTEREST

In determining whether Plaintiff is a real party in interest, this Court must look to Federal Rule of Civil Procedure 17(a) which provides as follows:

Real party in interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an expressed trust, a party with whom and in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The effect of Fed.R.Civ.P. 17(a) is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right. *Mason-Rust v. Laborers' International Union of North America, AFL–CIO, Local 42,*

435 F.2d 939 (8th Cir. 1980); *U. S. v. 936.71 Acres of Land, More or Less, Situated in Brevard County, State of Florida*, 418 F.2d 551 (5th Cir. 1969); *Boeing Airplane Co. v. Perry*, 322 F.2d 589 (10th Cir.), *cert. denied*, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1963). Thus, the action will not necessarily be brought in the name of the person who ultimately benefits from the recovery. *Galarza v. Union Bus Lines, Inc.*, 38 F.R.D. 401 (D.C.Tex.1965), *affirmed per curiam*, 369 F.2d 402 (5th Cir. 1966); *Race v. Hay*, 28 F.R.D. 354 (D.C.Ind.1961). The basis for the real party in interest rule was stated by the Advisory Committee in the 1966 Amendment to Rule 17(a) as follows:

> [T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

In the instant case, Reichhold asserts that it is an insured under the policy which had been issued by Travelers to Rogers Cartage. However, Travelers may be correct in its assertion that Reichhold is not the person who will ultimately benefit from a recovery in the instant cause of action. *Fed.R.Civ.P.* 17(a) does not require an action to be brought in the name of the person who ultimately will benefit from the recovery. It merely requires that the action be brought by the person who, according to the governing substantive law, is entitled to enforce the right. Thus, this Court believes, and does determine, that Reichhold is a real party in interest, in that the right, which Reichhold is attempting to assert against Travelers, is its own. If a judgment is entered against Reichhold at a subsequent juncture, and if the Hartford Insurance Company [Hartford] is thereby subrogated to the rights of Reichhold, this Court would conceivably determine that Reichhold would no longer be a real party in interest, for it is undisputed that (1) when an insurer has paid the full amount of a loss suffered by the insured, the insurer becomes subrogated to the full extent of the insured's claim against the one primarily liable for the loss, and (2) in any suit to enforce the claim, the insurer is the only party in interest. *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). However, for the present, the Court, believing that Reichhold remains a real party in interest, will, therefore, deny Travelers' Motion to Dismiss on this issue.

## II. ACTUAL CASE OR CONTROVERSY

The instant cause of action was brought under Section 2201 of Title 28 of the United States Code (28 U.S.C. § 2201, 1959) which provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought. Any such declaration shall have the force and effect of final judgment or decree and shall be reviewable as such.

Travelers asserts that this Court is without jurisdiction over the subject matter since the present suit does not involve an "actual controversy" as required by the statute.

In analyzing the issue currently under consideration, it should be borne in mind that the Declaratory Judgment Act is only procedural in its operation and permits the Courts to grant relief in cases within their jurisdiction; to wit, cases in controversy under Article III of Section II of the Constitution of the United States. Thus, Congress, by means of legislative enactment, only enlarged the remedies that are available in the Federal Courts but it did not expand the jurisdiction of the Court itself. *See Lizza and Sons, Inc. v. Hartford Accident and Indemnity Co.*, 247 F.2d 262, 264 (1st Cir.), *cert. denied*, 355 U.S. 906, 78 S.Ct. 332, 2 L.Ed.2d 261 (1957). Therefore, this Court must determine whether a "controversy," when used in a legal rather than a figurative sense, exists between the parties, and, if so, whether it is right for adjudication.

The test as to what constitutes an "actual controversy" can be found in *Aetna Life Insurance Co. of Hartford, Connecticut v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). After determining that the "word 'actual' is one of emphasis rather than one of definition" (*id.* at 240, 57 S.Ct. at 464), the Supreme Court stated:

> A "controversy" in this sense must be one that is appropriate for judicial determination ... A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot ... The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests ... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Id. at 240–241, 57 S.Ct. at 463–464.

This distinction, however, between a controversy "appropriate for a judicial determination" and "a difference or dispute of a hypothetical or abstract character" is stated with much greater ease than it is applied in a specific case. The difference between an abstract question and a controversy contemplated by the Declaratory Judgment Act is necessarily one of degree and, as such, it is extremely difficult to fashion a precise test for determining the existence, or non-existence, of an actual controversy in every fact situation. Basically, the question to be resolved in each case is whether the allegations reflect the existence of a substantial controversy of a sufficient immediacy and reality between the parties having adverse legal interests to warrant the issuance of declaratory judgment. *Maryland Casualty Company v. Pacific Coal and Oil Company*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

The difficulties that are inherent in the process have been applicably described by the Supreme Court. "Mr. Chief Justice Hughes [in *Aetna Life Insurance Company v. Haworth, supra*] used the whole catalog of familiar phrases to define and limit the measures of this new remedy. If its metes and bounds are not clearly marked, it is because his available verbal markers are themselves elastic, inconsistent and imprecise." *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

Reichhold asserts that an "actual case or controversy" is present in the instant case because it may incur an increase in insurance premiums, or suffer from an inadequate defense in Civil Action No. 79–71346 if the Court does not make a determination with respect to the pending claim for declaratory relief. In response, Travelers argues that (1) this action is, in reality, a controversy between insurance companies, one of which is not a party before the Court, and (2) an "actual case or controversy" does not exist between it and Reichhold, who concededly is covered by a policy with Hartford. The Court notes that, under Reichhold's analysis, in order for an aggrieved party to have any "stake" in the outcome of this litigation, the Court must assume that (1) an adverse judgment will increase insurance rates, or (2) the defense by Travelers would be superior to the defense by Hartford. At this point, however, Reichhold is represented by counsel who (1) was retained by Hartford, and (2) finds himself in the awkward position of arguing that his legal skills are, in some fashion, inferior to those of Travelers' counsel.

This Court believes, and does determine, that a "controversy" does exist between Reichhold and Travelers, in that Reichhold has sufficiently asserted that it is entitled to coverage under a policy which had been issued to Rogers Cartage. Whether that controversy is "appropriate for judicial determination" is a separate question. That separate determination depends, in large part, on the Court's determination whether the legal issues constitute a "substantial" controversy and whether the controversy is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The issue of whether a "substantial" controversy that is "appropriate for

judicial determination" exists, or does not exist, overlaps, in part, with the question of whether the Court should exercise its discretion to grant the requested declaratory relief.

The case currently before the Court is a novel one because the parties concede that Reichhold is fully covered under a Hartford Insurance policy. This Court can only determine that Reichhold has an actual "stake" in the controversy if it is prepared to speculate concerning the likelihood of (1) an adverse judgment, (2) the increase in insurance rates or premiums in the event of an adverse judgment, and/or (3) counsel for the Hartford Insurance Company possessing inferior skills to those of the Travelers' counsel. The Court cannot, and will not, engage in such speculation. Thus, it is left with a case whereby Reichhold, with no concrete "stake" in the controversy, is seeking a declaratory judgment against Travelers. Although the Court believes a "controversy" exists between the designated parties, the Court believes that this controversy is such an insubstantial one that it is not "of sufficient immediacy and reality to warrant the issuance of declaratory judgment," *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). The Court further believes that, if a "substantial" controversy is deemed to exist, it should, in its discretion, deny Plaintiff's request for declaratory relief on the basis of the facts in this case. Even where a justiciable controversy has been shown to exist, Federal Courts have the discretion to decline to exercise their jurisdiction. *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1217 (7th Cir. 1980). Such discretion has been held properly exercised in cases, *inter alia*, "where not all persons in interest have been joined as parties." *See Allstate Insurance Co. v. Philip Leasing Co.*, 214 F.Supp. 273 (W.D.S.D.1963). In the instant case, Hartford, whether or not an indispensable party, is certainly a "party in interest." In fact, the Court believes that Hartford is the only "party in interest" with a "stake" in this litigation. In light of the uncertainty concerning, among other things, the effect of any judgment in this case on Hartford, the Court believes that, even if it had jurisdiction in the instant case, such jurisdiction should not be exercised. Accordingly, this Court determines that Travelers' Motion to Dismiss should be, and is, granted.

So Ordered.