**REICHHOLD CHEMICALS, INC., a Delaware Corporation, Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Defendant.**

Civ. A. No. 81–71529.

United States District Court,
E.D. Michigan, S.D.

Sept. 30, 1982.

ORDER DENYING PLAINTIFF'S MO-
TION TO ALTER OR AMEND JUDG-
MENT AND FOR RECONSIDERA-
TION

JULIAN ABELE COOK, Jr., District Judge.

Plaintiff, Reichhold Chemicals, Inc. [Reichhold], filed a Complaint with this Court on May 13, 1981, seeking a declaratory judgment against Defendant, Travelers Insurance Company [Travelers], under the authority of the Declaratory Judgment Act, 28 U.S.C. § 2201.

On June 11, 1981, Travelers filed an Answer which denied the substantive allegations of the Complaint. At the same time, Travelers filed a Motion to Dismiss, asserting, *inter alia,* that (1) Reichhold was not a real party in interest, and (2) this Court was without subject matter jurisdiction.

On August 5, 1982, this Court entered a Judgment which dismissed the above-entitled action with prejudice. 544 F.Supp. 645. In granting the Motion to Dismiss, the Court initially rejected Travelers' argument which sought a dismissal of this action because of an alleged failure by Reichhold to comply with Federal Rule of Civil Procedure 17(a) that requires all actions to be brought in the name of the real party in interest. With respect to that issue, the Court stated:

> *Fed.R.Civ.P.* 17(a) does not require an action to be brought in the name of the person who ultimately will benefit from the recovery. It merely requires that the action be brought by the person who, according to the governing substantive law, is entitled to enforce the right. Thus, the Court believes, and does determine, that Reichhold is a real party in interest, in that the right, which Reichhold is attempting to assert against Travelers, is its own.

*Memorandum Opinion,* p. 649.

The Court also rejected Travelers' second argument that this action should be dismissed for lack of an "actual controversy," as required under § 2201 of Title 28 of the United States Code (28 U.S.C. § 2201, 1959). On that issue, the Court stated:

> The difference between an abstract question and a controversy contemplated by the Declaratory Judgment Act is necessarily one of degree and, as such, it is extremely difficult to fashion a precise test for determining the existence, or nonexistence, of an actual controversy in every fact situation.
>
> \*    \*    \*    \*    \*    \*
>
> The Court believes, and does determine, that a "controversy" does exist between Reichhold and Travelers, in that Reichhold has sufficiently asserted that it is entitled to coverage under a policy which has been issued to Rogers Cartage.

*Memorandum Opinion,* p. 650.

Finally, the Court accepted Travelers' third argument; to wit, that even if an actual case or controversy existed under the facts of this case, it was not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The Court opined that, inasmuch as Reichhold's insurance company had (1) already acknowledged its obligation to provide a defense in the principal litigation (*Leonard Bandurske v. Reichhold Chemicals, Inc.,* Civil Action No. 79–71349), and (2) maintained Reichhold's defense throughout these proceedings, Reichhold did not have a "stake" in

the controversy. Having concluded that the controversy was not of sufficient immediacy to warrant the issuance of a declaratory judgment, this Court (1) declined to exercise its discretionary powers under the Declaratory Judgment Act, and (2) granted Defendant's Motion to Dismiss.

On August 13, 1982, Plaintiff filed a Motion to Alter or Amend Judgment and for Reconsideration. Reichhold makes two arguments in support of its Motion. First, Reichhold argues that this Court erred when it declined to exercise its jurisdiction under the Declaratory Judgment Act, after determining that (1) Reichhold was a real party in interest, and (2) an actual controversy exists between the parties. Reichhold argues that the Court abused its discretion when it declined to exercise jurisdiction over a dispute which has been characterized by Reichhold as "significant and immediate," *citing AC & S, Inc. v. Aetna Casualty and Surety Co.,* 666 F.2d 819 (3rd Cir. 1981). Reichhold also contends that this Court's earlier determination will discourage any possible settlement of the *Bandurske* litigation which, in turn, will force the parties to proceed to trial. Further, Reichhold asserts that it should be given an opportunity to plead additional facts which would establish the existence of an immediate and substantial justifiable controversy, *citing Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co.,* 376 F.2d 1015 (6th Cir. 1967).

Reichhold submits that this Court erred in dismissing its Complaint with prejudice. Inasmuch as this Court amended its Order of Dismissal on September 13, 1982, which designated the dismissal to be without prejudice, an evaluation of the merits of the Reichhold argument on this point will not be necessary.

Local Rule 17(k) provides, in pertinent part, as follows:

> Generally . . . motions for reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposi-

tion of the case must result from a correction thereof.

That Rule permits this Court, in its discretion, to reconsider matters which may have been previously ruled upon by the Court. Even if matters, which have already been presented, are reconsidered, a Motion for Reconsideration should not be granted unless the Court concludes that a different disposition must result from its reconsideration.

In *AC & S, Inc. v. Aetna Casualty and Surety Co., supra,* which was relied upon by Reichhold, the Third Circuit determined that where one liability insurer refused to handle and defend lawsuits in which potential liability was based upon exposure to asbestos and the other liability insurer declined to defend the insured installer, the insured's suit for a declaration of the respective obligations of the parties presented a justiciable case or controversy. That case is distinguishable from the instant cause. In *AC & S, Inc.,* the Plaintiff insured filed its lawsuit in an effort to pursue an actual controversy of substantial immediacy (to wit, neither insurer agreed to provide a defense for Plaintiff because each insurer had denied all responsibility for any coverage). Thus, the *AC & S, Inc.* Plaintiff had a very real and substantial stake in the litigation at issue. Under those circumstances, the Third Circuit held that the District Court committed error when it dismissed the Complaint. However, in the case which is presently under consideration, one insurer has already conceded that it has the responsibility for the defense in *Bandurske, supra.* As a result of this position by the insurer, Reichhold will neither be forced to maintain its own defense nor required to pay any settlement or judgment.

Under these circumstances, and after reconsidering Travelers' Motion to Dismiss, this Court believes that an "actual controversy," within the meaning of § 2201 of Title 28 of the United States Code, does not exist in this case between Reichhold and Travelers. An actual controversy may well exist between Reichhold's insurers. However, at this juncture, where one insurer has assumed responsibility for this litigation,

the Court cannot conclude that an actual controversy exists between Reichhold and Travelers. As a result, this Court is without jurisdiction under the Declaratory Judgment Act to grant the relief which Reichhold seeks in its Complaint.

This Court, having determined that Reichhold's Complaint has failed to set forth an "actual controversy" between the named parties, need not address the remaining issues that have been raised by Reichhold in its Motion for Reconsideration. It is also determined that Reichhold has failed to demonstrate a palpable defect in the earlier determination by this Court, the correction of which would result in a different disposition of its Motion to Dismiss. Although the Court has broadened its earlier holding by this Order, Reichhold has failed to meet either of the requirements for a rehearing, as set forth in Local Rule 17(k). Therefore, this Court must deny Reichhold's Motion for Reconsideration.

IT IS SO ORDERED.