**Andres GALARZA, Individually and on Behalf of his wife, Genoveva**

**v.**

**UNION BUS LINES, INC., a Tex. Corp., Individually and d/b/a Continental Trailways, Continental Trailways, Inc., a Tex. Corp., and Bobby Dee Wells.**

Civ. A. No. 64–B–72.

United States District Court
S. D. Texas,
Brownsville Division.

Nov. 11, 1965.

Judin & Cardenas, Carl Judin, McAllen, Tex., for plaintiff.

Rankin, Kern & Martinez, H. H. Rankin, Jr., McAllen, Tex., for defendants.

GARZA, District Judge.

This is a diversity action for damages arising out of a collision between a bus driven by Defendant Bobby Dee Wells and operated by Defendant Union Bus Lines, Inc., d/b/a Continental Trailways, and the Plaintiff, Andres Galarza, and his wife.

Plaintiff, an alien and citizen of Mexico, brought suit for his own personal injuries, as well as for the personal injuries to his wife, under the Texas rule that the husband is the proper and necessary party plaintiff in an action to recover damages for personal injuries suffered by a married woman. The claims joined in this action each exceeded the required jurisdictional amount.

On May 24, 1964, Plaintiff and his wife were struck by the bus while standing beside a highway in Hidalgo County, Texas, waiting to board the bus, the driver having lost control while attempting to pull off the highway and stop to pick up the Plaintiff and his wife on a wet and slippery shoulder.

The case was tried to a jury which, on September 21, 1965, returned a general verdict for the Plaintiff individually and on behalf of his wife in the amount of $18,000.00.

On September 29, 1965, Defendants filed a motion for new trial, attacking the verdict on various grounds, all of which have been overruled except the allegations of jury misconduct, improper argument of counsel, and bias and prejudice of two jurors.

On October 15, 1965, Defendants filed a motion to dismiss for lack of jurisdiction, raising for the first time the point that the Plaintiff's wife is a real party in interest under Rule 17, F.R.Civ.P., and since she is a citizen of Texas diversity is destroyed and the jurisdiction of this Court over the action fails.

**404**

Counsel for the parties have presented oral arguments and have submitted briefs on the motions which are before the Court at this time.

 Turning, first, to the question of jurisdiction, it is well settled in Texas that under the community property system provided by the Texas Constitution and statutes, damages for personal injuries to either the husband or the wife, when recovered, belong to the community estate of both. Since the right to recover damages for personal injuries is a property right, in Texas, the cause of action and the fruits thereof are community property. By statute, control over and right to recover community property are conferred upon the husband, and with certain exceptions (proof of unjustified desertion or its equivalent) the husband is the proper and necessary party plaintiff in an action to recover such damages. Joinder by the wife in a personal injury action for damages to her constitutes misjoinder which may be timely objected to, but which will not warrant reversal unless shown to have prejudiced the rights of a litigant. Ezell v. Dodson, 60 Tex. 331, 1883; Redfern v. Collins, 113 F.Supp. 892, D.C., E.D.Tex., 1953; Reeves v. Schulmeier, 303 F.2d 802, 97 A.L.R.2d 718, C.A. 5, 1962; 35 A.L.R.2d 1199 (Texas cases annotated at p. 1232, et seq.)

 The proper and usual practice in Texas is for the husband to sue for damages for personal injuries sustained by his wife, and if both are damaged in the same transaction, he may recover the damages sustained by each in the same action. S. W. Tel. & Tel. Co. v. Dale, 27 S.W. 1059, Tex.Civ.App., Error Ref., 1894.

 Since the damages recovered for both husband and wife constitute community property, the Defendants have no right to have the amount of the recovery apportioned, and it is wholly unnecessary to do so. Taylor v. Esparza, 8 S.W.2d 288, Tex.Civ.App., Error Dism., 1928.

 Defendants rely upon language to the effect that in a suit involving community property, the wife was in the eyes of the law as truly a party as if so named. Gowan v. Reimers, 220 S.W.2d 331, Tex.Civ.App., Error Ref., N.R.E., 1949; Martin v. Burcham, 203 S.W.2d 807, Tex.Civ.App., 1947; Sanders v. Lowrimore, 73 S.W.2d 148, Tex.Civ.App., 1934, reversed on other grounds, 103 S.W.2d 739.

There is no question about the wife being interested in the outcome of a suit to recover community property and the fact that she will benefit from such recovery to the extent of an undivided one-half interest in the property.

The Defendants equate the wife's "real interest" making her a "party in interest" or an "interested party" to that of a "real party in interest" under Rule 17 (a) requiring that "Every action shall be prosecuted in the name of the real party in interest; * * *."

There is no question here of Plaintiff's capacity to bring this action under Rule 17(b) as an individual and in his representative capacity under the Texas law.

The Gowan case, supra, involved consolidating two cases involving common questions of law and facts in a trespass to try title suit. In Martin v. Burcham, supra, the husband was the defendant in a suit which jeopardized the community interest of the wife, and she thus could not be excluded from the courtroom and placed under the rule as a witness. Sanders v. Lowrimore, supra, also involved the exclusion of the wife under the rule. None of the cases cited by Defendants are authority for the proposition that the wife, in an action such as this, is a real party in interest so that her citizenship could destroy the required diversity.

 The Texas law is clear that the husband alone is the real party in interest in an action for damages for personal injuries to a married woman, and a suit by the wife for personal injuries to herself, joined merely pro forma by her hus-

band, will not authorize a recovery to the wife. Lone Star Gas Co. v. Haire, 41 S. W.2d 424, Tex.Civ.App., 1931; Dixie Motor Coach Corp. v. Watson, 138 S.W.2d 314 Tex.Civ.App., 1940; Pacific Greyhound Lines, Inc. v. Tuck, 217 S.W.2d 699, Error Ref., N.R.E., Tex.Civ.App. 1948.

As stated in 2 Barron & Holtzoff, Federal Practice and Procedure, § 482,

> "Most authorities agree that the 'real party in interest' is the party who, by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. State law must be resorted to in determining who has the substantive right sought to be enforced, but the Federal rule then governs on the procedural question whether a party with such an interest must be joined."—P. 7.

Since there is no question that State law gives to the husband the substantive right of action, he is the real party in interest in whose name the action should be prosecuted.

■ The authority given by Rule 17 (a) to "an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute" to sue in his own name without joining with him the party for whose benefit the action is brought, is not an exception to the real party in interest provision, but the specific instances enumerated are merely illustrations of the rule inserted to insure that the "real party in interest" would not be confined to the person beneficially interested. 2 Barron & Holtzoff, Fed.Prac. & Proc., § 482, at p. 9, and 1964 Pocket Part, p. 13.

Defendants' motion to dismiss for lack of jurisdiction, therefore, will be and is hereby overruled.

Defendants' motion for new trial is based primarily on three matters: The misconduct of the jury in discussing attorney's fees and expenses of bringing witnesses to the trial, the argument of Plaintiff's counsel in referring to the unit of time basis of arriving at damages for pain, suffering and mental anguish, and the failure of two members of the jury to disclose on voir dire that they had previously been involved in a claim or suit for personal injuries arising out of an automobile accident.

In support of the allegations of jury misconduct, Defendants offered the affidavits of their attorney and two jurors in an attempt to show that after the amount of damages was determined by the jury an additional amount was added thereto to cover attorney's fees and trial expenses. Defendants have moved the Court for permission to subpoena the jurors and to question them in open court in support of their motion for new trial.

Plaintiff, in opposition to the motion, has offered the affidavits of eight jurors, tending to show that the matter of attorney's fees and expenses was not taken into consideration in arriving at the verdict, and that the range of figures being considered by the majority of jurors was far above the amount finally agreed upon, even before these matters were brought up and discussed briefly. These latter affidavits also show an absence of any recollection that any juror talked about his or her personal experiences relating to any other accident, and that if anyone had mentioned such a thing, it was not taken into consideration.

■ The Fifth Circuit re-stated the general rule in Complete Auto Transit, Inc. v. W. Broyles Eng. Corp., 351 F.2d 478, C.A. 5, Oct. 1, 1965, in refusing to change or relax the rule laid down by the Supreme Court in McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300, 1915. This rule is "that the losing party cannot, in order to secure a new trial, use the testimony of jurors to impeach their verdict." Complete Auto Transit, Inc., supra, 351 F.2d p. 480. The opinion

quotes at length from McDonald the language outlining the various public policy considerations behind the decision which are "fully as forceful and persuasive today as they were in 1915." Complete Auto Transit, Inc., supra, 351 F.2d p. 481.

 Although Defendants cite cases which are exceptions to the general rule above stated, involving bribery by third persons, statements made by third persons, and independent unauthorized investigations by jurors outside the jury room, where such extraneous influences may authorize a court to receive a juror's testimony to determine the nature of the influence and its prejudicial effect; this is not such a case, and this Court will not allow the jurors to be harassed by a public investigation of what was intended to be a private deliberation.

There being no allegation by Defendants that any juror was disqualified, or that any extraneous influence was brought to bear from any source outside the jury room, the motion to take the oral testimony of the jurors is overruled, and the allegations supported by the affidavits will not constitute grounds for granting a new trial.

The remaining question relates to the argument of Plaintiff's counsel in which, in discussing damages for pain, suffering and mental anguish, he referred to the life expectancy of the Plaintiff and his wife and asked the jury if a dollar a day, or fifty cents a day, would be too much for the Plaintiff. As to Plaintiff's wife, counsel asked if $10.00 a day would be too much for the period of her more serious disability and $2.00 a day after improvement from proposed treatment. In his closing argument, he again mentioned the approximate number of days that these injured parties would experience pain and suffering, but always leaving the amount of damages for the jury.

 In discussing the permissible bounds of argument of counsel on the "unit of time" basis and appeal to the sympathy of the jury, the Fifth Circuit found reversible error in Johnson v. Col-glazier, 348 F.2d 420, Reh. Den., C.A. 5, 1965. As stated by Judge Brown in his dissent, the conduct of the trial and control of the jury argument in a Federal Court are for the Court.

Suffice it to say that the argument in this case, which was closely listened to at the time and has been reread by the Court, does not approach that made in Johnson. No charts or blackboards were used, no guide was given the jury on which to determine the damages, and no improper appeals to sympathy were made.

This Court does not hold that passing references to the life expectancy of Plaintiff and his wife (which were in evidence) and a question to the jury if some amount would be too much, should be considered improper jury argument.

 Under the evidence in this case, the verdict was not excessive, and there is no showing that it was in any way influenced by passion, prejudice or jury misconduct.

Defendants' motion for new trial, therefore, will be and it is hereby overruled.

Clerk will send copies of this Memorandum and Order to counsel.