**Eugenio FERNANDEZ-CERRA et al., Plaintiffs,**

v.

**COMMERCIAL INSURANCE CO. OF NEWARK y Giuseppe Troia Alfonso, Defendants.**

Civ. No. 676–71.

United States District Court,
D. Puerto Rico.

June 28, 1972.

---

Herman W. Colberg, San Juan, P. R., for plaintiffs.

Miguel Limeres Grau, Ponce, P. R., for defendants.

## MEMORANDUM OPINION AND ORDER

CANCIO, Chief Judge.

This is an action filed by citizens of Puerto Rico against an insurance company and its named assured, Troia, who is a citizen of a foreign state, for damages suffered in a collision which involved automobiles owned by the non-

corporate parties. Defendants seek the dismissal of the action alleging in essence that a real party in interest in this complaint, as a defendant, is the conjugal partnership (*sociedad legal de gananciales*) constituted by Troia and his wife, a citizen of Puerto Rico; and that, considering it so, there is no diversity of citizenship and the complaint must be dismissed.[1] We arrive at the same conclusion but for what may be different reasons.

It is plaintiffs' position that, while this is properly an action against the conjugal partnership, the only relevant citizenship to be considered is that of the partnership's representative and administrator, the husband, and that since under the law of Puerto Rico the wife's appearance is surplusage, her citizenship is properly disregarded so that diversity is not destroyed.

■ In Puerto Rico, upon marriage, a new entity is created, which commences on the day of marriage, 31 LPRA 3622, and will own "property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only; that obtained by the industry, salaries, or work of the spouses or of either of them; the fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses" (31 LPRA 3641). This conjugal partnership is liable for "all the debts and obligations . . . which affect the private property of the spouses as well as the partnership property; the minor repairs or of mere preservation, made during the marriage, to the private property of the husband or the wife: extensive repairs [to private property] shall not be chargeable to the partnership; extensive or minor

repairs to the property of the partnership; the support of the family and the education of the children in common, and of the legitimate children of one of the spouses only." (31 LPRA 3661)

■ Upon the dissolution of the marriage, by death or otherwise, this conjugal partnership is liquidated and the husband and wife or their heirs are entitled to one half of all the property earned by both during the marriage, 31 LPRA 3621.

■ Except in very rare cases, the husband is the administrator of this partnership, 31 LPRA 3671, and 284, and is also its legal representative, 31 LPRA 286. The partnership is a separate and distinct entity from the partners and may appear in court represented by the husband as administrator, Gearheart v. Haskell, 87 PRR ——; Meléndez v. Iturrondo, 71 PRR 56, 58. In this particular case, it is tacitly accepted in plaintiff's brief that this is an action for a liability under 31 LPRA 3661, *supra*.

From the cases cited by counsel, specifically Segarra v. Vivoldi, 59 PRR 797 and Meléndez v. Iturrondo, 71 PRR 56, it is correct, as plaintiff proposes, that the appearance of the wife in an action involving the conjugal partnership is surplusage, and that her citizenship in that sense should be disregarded. However, the real issue raised in this case is whether the citizenship to be considered for diversity purposes is that of the administrator and legal representative of the partnership, *i. e.*, the husband; or the citizenship of the conjugal partnership itself, as a separate entity.

■ If the citizenship of the partnership is to be considered, then the Puerto Rican citizenship of the wife would become material and the case would have to be dismissed for lack of diversity jurisdiction. In considering

---

1. Defendants' pleadings and brief are vague, but it seems as if their position is that once the conjugal partnership is considered the real party in interest, the wife's citizenship will have to be considered and, since she is a citizen of Puerto Rico, the complaint would fall.

the citizenship of the partnership we have to treat it as a separate and distinct entity under the *Gearheart* and *Meléndez* cases, *supra,* so that it would then have to be considered an unincorporated association under the diversity statute, 28 U.S.C. § 1332, which would have the citizenship of its members under *United Steelworkers of America v. R. H. Bouligny,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965).

It is well settled that when passing on the presence of diversity jurisdiction, the Court must consider the citizenship of the "real party in interest." Vol. 3A Moore's Federal Practice, Sec. 17.04, p. 111, et seq. In cases where there is one party representing another party, the nature of the representation, as defined by state law, or in the case of Puerto Rico by Commonwealth law, must be studied, so that it may be determined whether the representing party is the real party in interest and the represented party is merely a nominal beneficiary party, or the representing party is the nominal party and the represented party the real party in interest. See 3A Moore's, *supra,* Sec. 17.04, at p. 114.

It is apparent that the husband representative in the conjugal partnership in Puerto Rico is not the typical representative or trustee who can be the real party in interest in the federal cases relating to representatives. See 3A Moore's, *supra,* Sec. 17.04 at p. 114 for an enumeration. In this respect, the husband is not an outsider with responsibilities other than to the partnership, he is one of the members of the partnership and his interests are normally one and the same with the part-

nership. The character of his administration and representation could be described as being similar to that of a managing partner in a commercial partnership,[2] in which case there is little doubt that the real party in interest is the partnership and not the partner. The apparent reason for making the husband the administrator and representative of the conjugal partnership is limited to the convenience of having only one spouse speaking for the partnership. That the husband was chosen is the result of the traditional male chauvinism of the legislators which has become so well publicized in recent years by the resurgence of the Women's Liberation Movement. The legislator, though, made sure that when the more important transactions were to be carried out, the wife's consent was required.[3]

The incidental nature of the husband's representation and appearance in behalf of the partnership in judicial proceedings is illustrated by the final paragraph in the Supreme Court of Puerto Rico opinion in *Robles Ostolaza v. UPR,* 96 DPR 583, at 598, 96 PRR 570 at 585 (1968), where the Court, in explaining the application to pending cases of its decision making the damages suffered through personal injuries actionable by the spouse suffering the damages and not by the conjugal partnership, states:

> We believe it is convenient to explain that the actions which have been brought to date by the conjugal partnership, or by the husband as administrator of the conjugal partnership, to recover damages sustained by any of the spouses, shall not be dismissed on that ground.

---

2. This is a view which finds support in 31 LPRA Sec. 3624, which reads "The conjugal partnership shall be governed by the rules of articles of partnership in all that does not conflict with the express provisions of this chapter." In Robles Ostolaza v. University of Puerto Rico, 96 DPR 583, at 586, 96 PRR 570 (1968), this section was also used in examining the operation of the conjugal partnership.

3. When the sections relating to the conjugal partnership were enacted into the Spanish Civil Code long before the year 1902, the most important transactions were real estate transactions and in these transactions the wife's consent is needed. 31 LPRA 3672. (See also *Robles Ostolaza* cited *supra,* n. 2.)

Implied in the paragraph is the Court's finding, which our experience tends to confirm, that it is the accepted practice to include the conjugal partnership as a party with or without the appearance of the husband as representative or administrator. That type of representation is much too weak to convert the representative into the real party in interest, and divest the conjugal partnership of its characterization as real party in interest.

The parties have cited no cases, and the Court has found only one which touches on issues similar to the ones presented in this case. In Galarza v. Union Bus Lines, Inc., 38 F.R.D. 401 (1965), affirmed without opinion, 369 F.2d 402, the District Court for the Southern District of Texas at Brownsville, held that in an action which was considered community property under Texas law, only the citizenship of the husband needed to be considered for purposes of diversity jurisdiction. Conceding that the Texas court is correct, under the Texas law, Galarza is readily distinguishable from the present case because of the difference in the concept of community property in Texas and the Puerto Rican concept of conjugal partnership. The basis for the Galarza decision was that in Texas, "[b]y statute, control over and right to recover community property are conferred upon the husband, . . .", p. 404. Undoubtedly, with this in mind, the Court concluded that "[s]ince there is no question that *State law gives to the husband the substantive right of action,* he is the real party in interest in whose name the action should be prosecuted." P. 405 (Emphasis added).

■ In Puerto Rico the community property is not the husband's but the conjugal partnership's, which, as we have seen, is a separate entity, with distinct personality, in which husband and wife have equal participation and which is only represented by the husband. See *Gearheart, supra,* and *Robles Ostolaza supra.* In Texas, the situation is completely different; the community property belongs to the husband and the wife, and not to a separate entity. The husband is given the power and duty to sue when the property is involved, not as a representative, but on his own right, vested by statute. In Puerto Rico, his appearance is, as we have said, as a representative and "managing partner" of the conjugal partnership, which is the institution with the substantive right of action and the real party in interest.

If we were to follow the *Galarza* analysis of Texas law, and apply it to Puerto Rico law, we would be incurring in a practice which has been condemned by the Supreme Court of Puerto Rico, when it overruled a series of cases dealing precisely with the nature of the conjugal partnership in Robles Ostolaza v. UPR, *supra,* at 577. After citing from a prior case, Vazquez v. Valdez, 28 DPR 467, which, in the words of the Court, used "authorities taken from the [United] States where a conjugal partnership exists, and then McKay, Community Property, Secs. 180–81 is cited", in Robles Ostolaza, *supra,* at p. 577, the Court stated:

> In the first place, the aforesaid author, as it is to be expected, goes back to discuss the origin of the doctrines of the Anglo-Saxon common law which constitute the background of subsequent judicial decisions in that law. Keeping in mind the historical and juridical origin of the concept of property in the Anglo-American law of feudal origin and of the concept of property in the civil law of Roman origin, one realizes that that was not the way to solve a problem of interpretation and application of the Civil Code. It would have been more proper, since an institution of civil law is involved, to seek enlightenment in the continental European civil doctrine and case law.

■ In sum, it is the conclusion of this Court that the citizenship of the conjugal partnership determines diversity jurisdiction in this case. We are convinced that if in Texas the communi-

ty property were owned by a separate entity with distinct personality and capacity to sue and be sued, the district court in *Galarza, supra,* would have reached a different result.

 As stated before, the citizenship of the partnership is deemed to be that of the spouses-partners under United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), so that in the present case there is at least one citizen of Puerto Rico on both sides of the controversy and, therefore, the complaint herein must be, and is hereby, dismissed for lack of jurisdiction.

It is so ordered.