Jennifer Allende **RODRIGUEZ**, et al., **Plaintiffs**,

v.

**ASHFORD PRESBYTERIAN COMMUNITY, et al., Defendant.**

No. CIV.02–1957(HL).

United States District Court, D. Puerto Rico.

July 16, 2004.

---

David Efron, David Efron Law Offices, San Juan, PR, George Holland Anderson, Louis A. De Freitas, Best and Anderson P.A., Orlando, FL, for Plaintiffs.

Jaime Sifre–Rodriguez, Sanchez Betances & Sifre, P.S.C., San Juan, PR, for Plaintiffs and Defendant.

Consuelo M. Sifre–Garcia, Sanchez Betances & Sifre, P.S.C., Angel Lopez–Hidalgo, Enrique Nassar Rizek & Associates, Eugene F. Hestres–Velez, Bird, Bird & Hestres, Juan, PR, for Defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is co-defendant Presbyterian Community Hospital's Motion to Dismiss for lack of non-diverse indispensable party (Dkt.52), and Plaintiff's Opposition (Dkt.59). On June 20, 2002, Plaintiffs Jennifer Allende Rodriguez ("Allende"), Orlando Allende, and Elba Rodriguez, individually, and as legal guardians of their incapacitated· daughter, brought this suit against Presbyterian Community Hospital ("PCH"), Dr. Hector Rosario Reyes ("Rosario"), and St. Paul Fire and Marine Insurance Company. Plaintiffs allege medical malpractice under Puerto Rico law and bring this diversity action under 28 U.S.C. § 1332. Plaintiffs are all domiciled in Florida, and Orlando Allende and Elba Rodriguez have temporary legal guardianship over Plaintiff Allende. Co-defendant PCH is a non-profit corporation existing and incorporated under the laws of Puerto Rico, and co-defendant Dr. Rosario is domiciled in Puerto Rico.

Plaintiffs allege that Defendants breached their duties under local law to provide Plaintiff Allende with medical treatment in accordance with applicable standards of care. Plaintiffs specifically claim that defendants PCH, its staff, and Dr. Rosario, neglected to provide Allende with the necessary medical treatment while hospitalized at Ashford. PCH moves to dismiss for lack of non-diverse indispensable party pursuant to Fed.R.Civ.P. 19(b). Allende's husband, Reynaldo Ramos, is domiciled in Puerto Rico, and has brought a claim in San Juan Superior Court on behalf of the conjugal partnership existing between him and Allende. In light of this situation, PCH argues that the conjugal partnership is an indispensable party to this case, and its joinder would destroy diversity jurisdiction.

## I DISCUSSION

### A. *Indispensable Parties*

The question of whether the conjugal partnership is an indispensable party is governed by Fed.R.Civ.P. Rule 19. This is a two part inquiry. First, the party must be a necessary party under Rule 19(a), and then it must be an indispensable party under Rule 19(b). *United States v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir.2001). Rule 19(a) requires a court to join in a legal proceeding, as a necessary party, "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action," if the following holds true:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the

persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

And second, subdivision (b) of Rule 19 addresses when a necessary party constitutes an indispensable party, without whom an action cannot continue:

If a person as described in subdivision (a) ... hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

PCH maintains that complete relief cannot be accorded among the parties in the case at bar unless the conjugal partnership is joined as a party. Co-defendant maintains that the Hospital faces the risk of incurring double or inconsistent obligations by reason of the conjugal partnership, and that no just adjudication can take place in the absence of this non-diverse party. In their Opposition, Plaintiffs argue that it is not necessary to join the conjugal partnership in order for a plaintiff spouse to pursue conjugal claims.

### B. *Puerto Rico's Conjugal Partnership*

In Puerto Rico, upon marriage, a new entity named the conjugal partnership, is created. Article 1296 of the Puer-

to Rico Civil Code, 31 L.P.R.A. § 3622. Under Article 1301(2) of the Civil Code, 31 L.P.R.A. § 3641(2), the wages and salaries received by either spouse during the marriage are considered property of the conjugal partnership. *Franco v. Mayaguez Building, Inc.*, 108 D.P.R. 192, 195 (1978). Thus, claims for damages such as loss of income, which substitute salary derived from work, belong to the conjugal partnership. *Ortiz Diaz y Otros v. R & R Motors Sales*, 131 D.P.R. 839, 92 J.T.S. 140, 1996 WL 1089979 (1992), p. 10040; *Rosario Nevarez v. Torres Gaztambide*, 633 F.Supp. 287 (D.P.R.1986). Moreover, claims to recover the expenses incurred by the spouses, which are chargeable to the conjugal partnership as part of it's obligation to support the marriage and the family, also belong to the partnership and may only be claimed by it. *Comse v. 419 Ponce De Leon, Inc.*, 1996 WL 406835 *2 (D.P.R. May 24, 1996); *see also* Article 1308 of the Civil Code, 31 L.P.R.A. § 3661.

The conjugal partnership has a distinct legal personality. The partnership is regarded as a separate and distinct entity from the partners who constitute it and has a capacity to sue and be sued, but it cannot represent itself. *Cosme*, 1996 WL 406835 at *2; *Reyes Castillo y Otros v. Cantera Ramos, Inc.*, 139 D.P.R. 925, 96 J.T.S. 9, 1996 WL 499035 (1996), p. 605; *Paredes Figueroa v. International Air Services of Puerto Rico, Inc.*, 662 F.Supp. 1202, 1204 (D.P.R.1987). Significant differences prevail when the partnership is using the sword as a plaintiff vis a vis when using the shield as a defendant. When the conjugal partnership is a party defendant it might be detrimentally affected by a judgment. Since the interests of each spouse may be incompatible, each must be afforded the opportunity to defend them individually. *Id.* at *3. Important concerns of notice and due process require that both spouses and the conjugal partnership be included as indispensable defendant parties and each spouse be served with separate summons. *See Acosta Ouinones v. Matos Rodriguez*, 135 D.P.R. 623 (1994), 94 J.T.S. 43, p. 11737. However, this is not necessarily the case when the partnership is a party plaintiff.

Under Article 1301 of the Civil Code, any award belonging to the partnership or whatever joint benefits are gained through the suit, will automatically become community property regardless of whether the conjugal partnership and both spouses were *vel non* named parties to the action. *Paredes Figueroa*, 662 F.Supp. at 1204. Hence, the omission of a conjugal partnership, as a named plaintiff in the complaint, and the inclusion of only one spouse, namely the creditor spouse, representing the partnership's interests, is of no legal significance. *Cosme*, 1996 WL 406835 at *3. Moreover, given the fact that the caption is not considered a part of the pleader's statement of claim, the omittance of a party in the caption or of it's representative capacity, will be deemed as a defect of form and not of substance. *Id.* It is the allegations of the complaint that determine the nature of the causes of action claimed and consequently, to whom they belong and who is claiming them. *Id.*

In the present case, although the caption indicates that Mrs. Allende was appearing on her own behalf, the text of both the original and amended complaint clearly show that she was also claiming causes of action that pertained to the conjugal partnership, and hence, was representing it's interests. Paragraph Twentieth of the amended complaint states that she has suffered economic losses due to Defendants' negligence. (*See* Dkt. 13). These claims belong to the conjugal partnership, and its omission in the caption of the complaint is merely a defect of form and does not preclude its rights. Mrs. Allende could legally represent and, in

fact, is representing the conjugal partnership as a party plaintiff in this case. Accordingly, the Court hereby concludes that the conjugal partnership is not a necessary party under Rule 19(a), and so not an indispensable party under Rule 19(b).

WHEREFORE, the Court **DENIES** co-defendant PCH's Motion to Dismiss for lack of non-diverse indispensable party (Dkt.52).

IT IS SO ORDERED.