Claribel **FRAGUADA RODRIGUEZ,**
Plaintiff

v.

**PLAZA LAS AMERICAS,**
et al., Defendants

No. CIV. 03–2108JP.

United States District Court,
D. Puerto Rico.

Nov. 24, 2004.

Clarisa Solá Gómez, Esq., Luis E. Pabón Roca, Esq., Faccio & Pabón Roca, San Juan, PR, for Plaintiff.

Raphael Peña Ramón, Esq., De Corral & De Mier, San Juan, PR, for Defendant.

## OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION

The Court has before it Defendants' "Motion For Summary Judgment" (**docket No. 29**), Defendants' "Memorandum of Law in Support of Motion for Summary Judgment" (**docket No. 30**), Defendants' "Statement of Uncontested Facts" (**docket No. 31**), Plaintiff's "Opposition to Defendants' Motion for Summary Judgment and Memorandum of Law In Support" (**docket No. 33**), which includes Plaintiff's "Answer to Statement of Uncontested Facts," and finally Defendants' "Reply to Plaintiff's Opposition to Motion for Summary Judg-ment" (**docket No. 34**). Defendants argue that Plaintiff, who has sued them in this diversity action for the injuries she sustained when she fell in the Plaza Las Américas parking lot, is not the real "party in interest" in this case. Defendants argue that because the Complaint was filed while Plaintiff was still married to her husband (and remains married to him to this day), the true party in interest in this case is the conjugal partnership formed between Plaintiff and her husband, Mr. Luis López, who is domiciled in Puerto Rico. As Defendants themselves put it in their Summary Judgment motion,

"since one member of the conjugal part-nership, Mr. López, is domiciled in Puer-to Rico and being the conjugal partner-ship the party with real interest over the alleged economic losses, Mrs. Fraguada has failed to comply with the require-ments asserting diversity of citizenship jurisdiction: that there is complete di-versity within the parties."

The Court agrees in part with Defen-dants. For the foregoing reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion for Summary Judgment."

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where, after drawing all rea-sonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. *See Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993). A fact is material if it might affect the out-come of the case. *Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989). An issue is "genuine" if suffi-cient evidence exists to permit a reasona-ble trier of fact to resolve the issue in the non-moving party's favor. *See Boston*

*Athletic Ass'n v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989).

The party filing a motion for summary judgment bears the initial burden of proof to show "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to show affirmatively, through the filing of supporting affidavits or otherwise, that a genuine issue exists for trial. *See Goldman v. First National Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993). In discharging this burden, the non-moving party may not rest upon mere allegations or denials of the pleadings. See Fed. R.Civ.P. 56(e). On issues where the non-moving party bears the ultimate burden of proof, it must present definite, competent evidence to rebut the evidence put forth by the moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 2514–2515, 91 L.Ed.2d 202 (1986). Indeed, summary judgment may be appropriate "... where elusive concepts such as motive or intent are at issue ... if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994).

## III. FINDINGS OF FACT

After thoroughly evaluating the facts presented by the parties and the record as a whole, the Court makes the following findings of fact.

1. On October 14, 2002, two days after the accident, Plaintiff's sister, Ms. Marilyn Fraguada, informed Plaza Las Américas that, on October 12, 2002, at about 5:30 p.m., Plaintiff fell on the ground on the first floor of the South parking lot of Plaza Las Américas, near the entrance of the Cabaña Las Lilas restaurant.

2. Plaza Las Américas has the custody, control and maintenance of the South parking lot.

3. MAPFRE, Grupo PRAICO, is an insurance carrier that has issued a liability policy on behalf of Plaza Las Américas.

4. The responsibility of MAPFRE, Grupo PRAICO, is subject to the clauses, limits, conditions and exclusions stated in the policy issued to Plaza Las Américas.

5. On October 10, 2003, Mrs. Claribel Fraguada Rodríguez ("Mrs.Fraguada") filed her original complaint with this Honorable Court.

6. As part of the allegations contained in the complaint, Mrs. Fraguada alleges that she has expended $50,000 in her medical treatment.

7. In addition, Mrs. Fraguada requests indemnification for an alleged loss of income.

8. On or around September 22, 1986, Mrs. Fraguada married Mr. Luis López ("Mr.López").

9. The appearing parties conclude that Mrs. Fraguada and Mr. López are married under the conjugal partnership regimen since the Plaintiff, up to this date, has not produced a prenuptial agreement in order to prove that she is not married under a conjugal partnership.

10. Up to this date, the appearing parties have not received any evidence to know whether Mrs. Fraguada and Mr. López have commenced the divorce proceedings.

11. As of November 16, 2004, Plaintiff Claribel Fraguada and Mr. Luis López remain legally married.

12. Mrs. Fraguada and Mr. López have constituted a conjugal partnership.

13. Up to April 20, 2004, when the appearing parties took the deposition of the Plaintiff, Mrs. Fraguada and Mr. López were still married and they had not filed for divorce.

14. Mr. López lives at # 317 Aguamarina, Parque de Isla Verde, Carolina, Puerto Rico, jointly with the matrimony's two children.

15. Mrs. Fraguada currently lives in Millburn, New Jersey.

16. Mr. López is not willing to let the children move to New Jersey with Mrs. Fraguada.

17. Mrs. Fraguada and Mr. López bought the house located at # 317 Aguamarina, Parque de Isla Verde, Carolina, Puerto Rico.

18. The # 317 Aguamarina house has a mortgage loan with Popular Bank.

19. The mortgage loan is under Mrs. Fraguada's and Mr. López' name.

20. Mrs. Fraguada used to contribute to the monthly payment of the mortgage loan.

21. The # 317 Aguamarina house pays around $60.00, monthly, as maintenance fee.

22. Mrs. Fraguada used to pay the school of one of her children.

23. Mrs. Fraguada used to contribute to the ordinary expenses.

24. During their marriage, Mrs. Fraguada and Mr. López bought a car, which is under Mrs. Fraguada's name but is used by Mr. López.

25. Mrs. Fraguada contributes to the support of the children with $500 monthly.

26. The monies for the contribution to the children support come from a bank account that Mrs. Fraguada keeps in Old San Juan, Puerto Rico.

27. In Puerto Rico, Mrs. Fraguada uses a health care plan provided by her spouse, Mr. López.

## IV. CONCLUSIONS OF LAW

In Puerto Rico, marriage creates a new entity named the conjugal partnership. *See* Article 1296 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3622. Under Article 1301(2) of the Civil Code, 31 L.P.R.A. § 3641(2), the wages and salaries received by either spouse during the marriage are considered property of the conjugal partnership. *Franco v. Mayaguez Building, Inc.*, 108 D.P.R. 192, 195 (1978). Thus, claims for damages such as loss of income, which substitute salary derived from work, belong to the conjugal partnership. *Ortiz Diaz y Otros v. R & R Motors Sales*, 131 D.P.R. 829, 1996 WL 1089979 (1992); *Rosario Nevárez v. Torres Gaztambide*, 633 F.Supp. 287 (D.Puerto Rico 1986). The conjugal partnership has a distinct legal personality, and is regarded as a separate and distinct entity from the partners who constitute it and has a capacity to sue and be sued. It cannot, however, represent itself. The conjugal partnership is represented by the husband or the wife. *Cosme v. 419 Ponce De León, Inc.*, 1996 WL 406835 *2 (D.Puerto Rico 1996) (Gierbolini, J.); *Reyes Castillo y Otros v. Cantera Ramos, Inc.*, 139 D.P.R. 925; *Paredes Figueroa v. International Air Serv's of Puerto Rico, Inc.*, 662 F.Supp. 1202 (D.Puerto Rico 1987) (Acosta, J.). Moreover, claims to recover the expenses incurred by the spouses, which are chargeable to the conjugal partnership as part of its obligation to support the marriage and the family, also belong to the partnership and may only be claimed by it. *Cosme* at *2.

■ Plaintiff Fraguada was still married to Luis López when she filed the Complaint on October 10, 2003, and they are still married; therefore, the conjugal partnership between them was still intact as of the date of the filing of the Complaint, and remains so to this day. Defendants argue that based on that fact, the real party in interest in this case is the conjugal partnership, not Mrs. Fraguada. The Court agrees, but not entirely. Under Puerto Rico law, it has long been established that money damages awarded to a spouse as indemnization for torts committed upon their person are individual, not community, property. *See Robles Ostolaza v. Universidad de Puerto Rico,* 96 D.P.R. 583, 601 (1968). Therefore, the Court **FINDS** that the real party in interest in as to those claims for personal pain and suffering is Mrs. Fraguada, not the conjugal partnership still formed between her husband and herself, which is not a party to this suit.

However, as stated above, Mrs. Fraguada was married to Luis López at the time of the filing of the complaint, and remains married to him. Based on that fact, the Court concludes that any damage award pertaining to lost wages or medical expenses would pertain to the conjugal partnership composed by Plaintiff Fraguada and Mr. López, making the conjugal partnership the real party in interest in those claims. *See Pujol v. Shearson/American Exp., Inc.,* 829 F.2d 1201, 1208 (1st Cir. 1987) ("Recovery by one spouse on a claim concerning community property binds the conjugal partnership and the recovery automatically becomes community property."), *citing Paredes Figueroa,* 662 F.Supp. at 1204 ("Under Puerto Rico law there is no need to include a conjugal partnership as a party plaintiff, as opposed to a party defendant, since whatever joint benefits are gained through the suit would automatically accrue to the partnership.").

The Court's jurisdiction depends upon state of things at the time the action was brought, and all challenges to subject matter jurisdiction premised upon diversity of citizenship are measured against the state of facts that existed at the time of filing, whether challenge be brought shortly after filing, after trial, or even for the first time on appeal. *See Grupo Dataflux v. Atlas Global Group,* L.P. 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); *see also* 28 U.S.C. § 1332. A conjugal partnership, like unincorporated associations and partnerships, is not in its own right a citizen of the state that created it within the meaning of the federal diversity statute. *Carden v. Arkoma Assocs.,* 494 U.S. 185, at 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157; *Taber Partners I v. Merit Builders, Inc.,* 987 F.2d 57, 58 (1st Cir.1993), *cert. denied; Desarrollos Metropolitanos, Inc. v. Taber Partners I,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993). On the contrary, to determine the partnership's citizenship for purposes of diversity jurisdiction, the court must look at the citizenship of the spouses-partners, for the partnership's citizenship will be deemed to be that of the husband and wife. *See Fernández–Cerra v. Commercial Insurance Co. of Newark,* 344 F.Supp. 314, 319 (D.Puerto Rico 1972). Since at least one member of the conjugal partnership, Mr. López, was domiciled in Puerto Rico at the time of the filing of the complaint, and being the conjugal partnership the party with real interest over the alleged economic losses, the Court hereby **FINDS** that in those claims regarding lost wages and medical expenses, Plaintiff Fraguada has failed to comply with the requirements asserting diversity of citizenship jurisdiction: that there be complete diversity between the parties. *See Fernández–Cerra,* 344 F.Supp. at 319 ("As stated before, the citizenship of the partnership is deemed to be that of the spous-

es-partners under *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), so that in the present case there is at least one citizen of Puerto Rico on both sides of the controversy and, therefore, the complaint herein must be ... dismissed for lack of jurisdiction."); *see also Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (stating that the citizenship of each plaintiff must be diverse from that of each defendant). Since the real party in interest in the claims for lost wages and medical expenses is the conjugal partnership, the Court **FINDS** that there is a lack of complete diversity as to these claims, and hereby **DISMISSES** them.

■ Since Mrs. Fraguada is currently domiciled in Millburn, New Jersey, the Court **FINDS** that the diversity requirements for subject matter jurisdiction under 28 U.S.C. § 1332 have been met in the claims for which she is the real party in interest, namely, her claims for pain and suffering and mental anguish. However, Mrs. Fraguada is claiming damages for lost income and medical expenses, damages which would belong not solely to her, but to the conjugal partnership. *See supra Ortiz Diaz y Otros v. R & R Motors Sales; see also supra Rosario Nevárez v. Torres Gaztambide.* Therefore, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment.

## V. CONCLUSION

In light of the aforementioned analysis, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion for Summary Judgment" (**docket No. 29**). Plaintiff's claims for lost wages and medical expenses, because they would belong to the conjugal partnership, which does not have complete diversity, are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's possible recovery is limited to her claims for pain and suffering and mental anguish.

**IT IS SO ORDERED AND ADJUDGED.**