FRANCISCO CRUZ VIERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MANATÍ, recurrido.

*Número:* O-85-289     *Resuelto:* 11 de mayo de 1987

*Martiza Pagán de Joglar,* de *Dávila & Pagán,* abogada del recurrente; el Registrador recurrido compareció por escrito.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

En acción civil de daños y perjuicios presentada contra Myriam Gutiérrez Yantín, en la cual no se incluyeron como demandados a su esposo Francisco Cruz Reyes ni a la sociedad

legal de gananciales compuesta por ambos, el demandante recurrente Francisco Cruz Viera obtuvo sentencia a su favor el 11 de febrero de 1981 (¹) en la cual se le adjudicó la cantidad de treinta mil dólares ($30,000) en concepto de daños y mil quinientos dólares ($1,500) en concepto de honorarios de abogado, costas e intereses desde la radicación de la demanda. La responsabilidad civil de la demandada se originó de actos torticeros ejecutados por ésta contra Francisco Cruz Viera, consistentes en agresiones físicas que le ocasionaron al demandante laceraciones en la cara, brazos y ojo izquierdo. El 29 de enero de 1985, a solicitud de la parte demandante, la sala de instancia expidió mandamiento al Registrador de la Propiedad fundado en auto de ejecución de sentencia para que anotara un embargo por la cantidad de treinta y seis mil dólares ($36,000), a ser distribuida entre tres fincas rústicas que en el Registro de la Propiedad aparecen inscritas a nombre de la sociedad de gananciales compuesta por la demandada Myriam Gutiérrez Yantín y su esposo Francisco Cruz Reyes.

El Registrador de la Propiedad se negó a anotar el embargo solicitado. Adujo que el derecho a ser oído requería que se incluyera al cónyuge inocente antes de ordenarse el embargo de los bienes de la sociedad de gananciales, ya que ni ésta ni el Sr. Francisco Cruz Reyes fueron parte en el pleito. En apoyo de su criterio citó del Art. 116.4 del Reglamento para la Ejecución de la Ley Hipotecaria en su párrafo segundo: "[s]i la finca o derecho a gravarse con la anotación constase [inscrita] a favor de una sociedad de gananciales será preciso haber dirigido la acción contra ambos cónyuges para que proceda la práctica del asiento." (²) El recurrente

---

(¹) Esta sentencia fue confirmada por este Tribunal en el recurso de revisión, *Soc. Legal de Gananciales de Francisco Cruz Viera* v. *Myriam Gutiérrez Yantín*, R-81-196.

(²) Con mayor integración que el nuestro, el Reglamento Hipotecario de España en su Art. 144.1 dispone:

por su parte alega que es de aplicación el Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663, (³) que autoriza la repetición contra la sociedad de gananciales cuando el cónyuge demandado carece de bienes privativos.

Presentada oportunamente la solicitud de recalificación el Registrador de la Propiedad se reiteró en su denegatoria, por lo que la parte recurrente acude ante nos mediante recurso gubernativo.

■■■ El Registrador de la Propiedad recurrido actuó conforme a derecho al denegar la inscripción del embargo. Está establecido que la sociedad legal de gananciales es una entidad separada y distinta de los cónyuges que la componen. *Rivera v. Casiano,* 68 D.P.R. 190 (1948); *Rovira Tomás v. Srio. de Hacienda,* 88 D.P.R. 173 (1963); *Int'l Charter Mortgage Corp. v. Registrador,* 110 D.P.R. 862 (1981). Los cónyuges, vigente el régimen legal de gananciales, no pueden tener cuotas separadas e independientes, sino que es la sociedad la dueña de los bienes que la componen. Como regla general, el pago de multas y condenas pecuniarias que se le impongan al marido o a la mujer no estará a cargo de la sociedad legal de gananciales. Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663.

---

"Artículo 144.1. Para que sea anotable en el Registro de la Propiedad el embargo de bienes comunes durante la vigencia de la sociedad conyugal, incluso cuando uno solo de los cónyuges aparezca como deudor, deberá constar que la demanda ha sido dirigida contra ambos. . . ." 1982 Aranzadi, Repertorio Cronológico de Legislación, Vol. III, Anot. 3184, pág. 5421.

(³) *"Sec. 3663. Deudas contraídas antes del matrimonio; multas*

"El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.

"Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.

"Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera la sec. 3661, si el cónyuge deudor no tuviese capital propio o fuera insuficiente; pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados.—Código Civil, 1930, art. 1310."

J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1967, T. IV, Vol. 1, pág. 712. Sin embargo, cuando se trata de un caso de responsabilidad civil extracontractual la actuación de uno de los cónyuges podrá acarrear responsabilidad para la sociedad legal de gananciales cuando de los hechos particulares del caso surja que la actividad del cónyuge que produjo el daño aprovechó económicamente a la sociedad. *Lugo Montalvo* v. *González Mañón*, 104 D.P.R. 372 (1975); *García* v. *Montero Saldaña*, 107 D.P.R. 319 (1978); *Sepúlveda* v. *Maldonado Febo*, 108 D.P.R. 530 (1979). Q. M. Scaevola, *Código Civil*, 2da ed. rev., Madrid, Ed. Reus, 1967, T. XXII, pág. 477. Sólo como excepción, en caso de que el cónyuge demandado no tenga bienes con que responder o que éstos sean insuficientes, se puede repetir contra los bienes de la sociedad de gananciales. Esta excepción está condicionada a que se alegue y se pruebe que la sociedad de gananciales posee bienes suficientes para sufragar las cargas y obligaciones que dispone el Art. 1308 del Código Civil, 31 L.P.R.A. sec. 3661.[4] Sólo después de cubiertas las obligaciones mencionadas en el referido artículo podrá irse contra los bienes de la sociedad de gananciales, de ésta poseer suficientes fondos para responder de la deuda del marido o la mujer sin que se ponga en riesgo

---

[4] *"Sec. 3661. Obligaciones de la sociedad de gananciales*

"Serán de cargo de la sociedad de gananciales:

"1. Todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges.

"2. Los atrasos o créditos devengados durante el matrimonio, de las obligaciones a que estuviesen afectos así los bienes propios de los cónyuges como los gananciales.

"3. Las reparaciones menores o de mera conservación hechas durante el matrimonio en los bienes peculiares de los cónyuges. Las reparaciones mayores no serán de cargo de la sociedad.

"4. Las reparaciones mayores o menores de los bienes gananciales.

"5. El sostenimiento de la familia y la educación de los hijos comunes y de cualquiera de los cónyuges.

"6. Los préstamos personales en que incurra cualquiera de los cónyuges.—Código Civil, 1930, art. 1308; enmendado en Mayo 21, 1976, Núm. 51, p. 143, sec. 1, ef. Mayo 21, 1976." 31 L.P.R.A. sec. 3661.

la solvencia de la sociedad, J. M. Manresa, *Comentarios al Código Civil Español*, 6ta ed. rev., Madrid, Ed. Reus, 1969, T. IX, pág. 770; Scaevola, *op. cit.*, págs. 548–549, y siempre que se tomen las medidas necesarias para que en su día, al liquidarse la sociedad, se le reconozca el correspondiente crédito al cónyuge inocente. *Sepúlveda* v. *Maldonado Febo*, supra.

En el caso de autos si bien la demanda reclamaba una obligación personal de la mujer por lo que no se requería que el marido fuera parte, llegado el momento de la propuesta ejecución de la sentencia contra bienes de la sociedad, el marido adquirió interés de partes en los procedimientos que afectan sus bienes. (5) Por tal razón, debió incluirse al cónyuge inocente en la moción para ejecución de sentencia, citársele o emplazarlo para proteger su derecho a ser oído antes de determinarse si procedía el embargo de los bienes de la sociedad de gananciales. En el presente caso no sólo debió citarse al marido inocente para que protegiera su derecho y el de la sociedad legal de gananciales, sino que también debió mediar antes de expedirse el mandamiento judicial de embargo de los bienes comunes, una previa determinación por la sala de instancia de que se cumplió con las condiciones y exigencias del Art. 1308 del Código Civil, *supra*. Manresa, *op. cit.*, págs. 770–771.

La omisión de incluir al cónyuge inocente en el procedimiento de ejecución de sentencia afecta la legalidad del mismo y constituye un defecto propiamente señalado por el Registrador en el ejercicio de su facultad calificadora, Art. 68, inciso 4to, Ley Hipotecaria de 1979, Ley Núm. 198 de 8 de

---

(5) Ya anteriormente en protección de arrendatarios cubiertos por Ley de Alquileres, que no fueron parte en la demanda de ejecución de hipoteca sobre el inmueble arrendado, dispusimos que se les notificará la ejecución. *Housing Investment Corp.* v. *Luna*, 112 D.P.R. 173, 180 (1982); *L. Dershowitz & Co., Inc.* v. *Registrador*, 105 D.P.R. 267 (1976).

La esencia del debido proceso de ley es que nadie puede ser privado de su propiedad sin la oportunidad de ser oído. *Carrero Suárez* v. *Sánchez López*, 103 D.P.R. 77 (1974).

agosto de 1979 (30 L.P.R.A. sec. 2271). R. M. Roca Sastre, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. II, págs. 332–333. Además el Art. 116.4 del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad expresamente establece como limitación para inscribir anotaciones de embargo en fincas pertenecientes a la sociedad de gananciales que la acción tiene que haber sido dirigida contra ambos cónyuges. Este artículo complementa lo dispuesto en el Art. 1310 del Código Civil, *supra*, para así garantizar que el procedimiento se lleve a cabo cumpliéndose con la garantía constitucional del debido proceso de ley. Al comentar el Art. 144.1 del Reglamento para la Ejecución de la Ley Hipotecaria de España (citado en escolio 2), similar al Art. 116.4 de nuestro Reglamento, Roca Sastre expresa:

> La necesidad de *haberse dirigido la demanda contra ambos cónyuges* para poder ser practicada dicha anotación preventiva de embargo de tales bienes, *constituye un requisito a cumplir*. (Énfasis suplido.) Roca Sastre, *op. cit.*, T. IV, Vol. I, pág. 82.

En el caso ante nos no se citó al cónyuge inocente previo al procedimiento de ejecución de sentencia, ni se demostró que la sociedad legal de gananciales tuviera bienes suficientes para responder por la deuda conforme a lo establecido en los Arts. 1308 y 1310 del Código Civil, *supra*, ni se dirigió la acción originadora de la deuda contra ambos cónyuges. Por todo lo antes expuesto determinamos que el Registrador de la Propiedad actuó correctamente al negarse a inscribir el mandamiento de embargo sobre los bienes de la sociedad legal de gananciales.

*Se confirma la calificación recurrida.*

El Juez Asociado Señor Negrón García, al dar su conformidad, emitió opinión concurrente. El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita.

—o—

Opinión concurrente del Juez Asociado Señor Negrón García.

Al dar nuestra conformidad a la opinión del Tribunal, hemos de enfatizar que conforme a la visión doctrinaria de mayor aceptación, la acción de repetición que establece el Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663, no es automática, absoluta ni ilimitada.

Su aplicación exige que el actor alegue y demuestre: (1) que el cónyuge deudor carece de bienes propios suficientes, y (2) existen y sobran bienes gananciales después de cubrir las necesidades de habitación, alimento y educación del Art. 1308 del Código Civil, 31 L.P.R.A. sec. 3661. J. M. Manresa, *Comentarios al Código Civil Español*, 6ta ed. rev., Madrid, Ed. Reus, 1969, T. IX, pág. 770; Q. M. Scaevola, *Código Civil*, 2da ed., Madrid, Ed. Reus, 1967, T. XXII, págs. 548–549; J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1967, T. IV, Vol. 1, págs. 707–709; J. M. Reyes Monterreal, *El Régimen Legal de Gananciales*, Madrid, Ed. Gráficas Menor, 1962, págs. 248–249.