**HERSHEY FOODS CORPORATION,**
**Plaintiff,**

v.

**Restituto PADILLA, dba Padimont**
**Candy, Defendant.**

**Civil No. 94–2068 (GG).**

United States District Court,
D. Puerto Rico.

May 7, 1996.

8

Fiddler Gonzalez & Rodriguez, Leroy Lewis Maymo, San Juan, PR, for Plaintiff.

Santos & Baez, Luis Roberto Santos, Mayaguez, PR, for Defendant.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

Pending before this court is a petition filed by the Conjugal Partnership constituted by defendant and Mrs. Dalila Montalvo Hernández, none of which are parties to this action, requesting that we vacate and set aside a garnishment order served upon Hospital San Juan Capestrani. **(Docket entry # 31).** Also pending is plaintiff's, Hershey Foods Corp. (Hershey), request that Mrs. Montalvo and the Conjugal Partnership be joined as co-defendants in this case, pursuant to Rule 21 of the Fed.R.Civ.P. **(Docket entry # 34).**

## GARNISHMENT—

Through the garnishment order above mentioned a portion of the monthly rent installments paid by Hospital San Juan Capestrani to defendant was attached. The Conjugal Partnership solicits that this order be vacated and set aside because monthly rent payments belong to it, a nonparty in this case. Hershey has not contested the ownership of said asset. On the contrary, it merely requests that we modify the order so that only defendant's participation in the monthly rent be garnished.

It is well settled that in Puerto Rico the conjugal partnership is a separate and distinct entity from the partners who constitute it. *Reyes Castillo v. Cantera Ramos, Inc.,* —— D.P.R. —— (1996), 96 J.T.S. 9, pg. 605; *Universal Funding Corp. v. Registrador,* —— D.P.R. —— (1993), 93 J.T.S. 90, pg. 10792; *Paredes Figueroa v. International Air Services of Puerto Rico, Inc.,* 662 F.Supp. 1202, 1204 (D.P.R.1987). Although in cases of dissolution each partner has a right to half of the estate of the conjugal partnership, while said partnership still exists none of its partners has a separate share or quota over the assets that comprise said estate, for its sole owner is the conjugal partnership. *Cruz Viera v. Registrador,* 118 D.P.R. 911, 914 (1987). Therefore, in view that the monthly rent payment garnished belongs to the Conjugal Partnership, the request to vacate and set aside the garnishment order is hereby **GRANTED** and plaintiff's request **DENIED.**

## JOINDER OF PARTIES—

Hershey's renewal of its prior request for joinder is based on the fact that it has been unable to execute the judgment entered in it's favor because defendant Mr. Restituto Padilla has no assets in his exclusive name. Defendant has not opposed to this motion.

On April 5, 1995 judgment was entered in this case exclusively against Mr. Padilla in the amount of $132,863.83. Since then plaintiff has been making efforts to execute said judgment, which have been fruitless. On July 21, 1995 plaintiff filed its motion for execution of judgment against defendant's property including, but not limited to, lots # 1379 & # 33160, registered at the Aguadilla and Mayagüez Property Registry, respectively, owned by Mr. Padilla and Mrs. Montalvo. In said occasion, Mr. Padilla requested us to direct Hershey to attach solely defendant's property because judgment was not entered against his wife nor their conjugal partnership. Consequently, Hershey requested that Mrs. Montalvo and the Conjugal Partnership be joined as co-defendants in order to prevent an additional suit relitigating the same issues. We denied Hershey's request due to its failure to demonstrate that there were no other assets in the exclusive name of defendant sufficient to satisfy the judgment.

In light of our decision, Hershey sent to defendant a single question interrogatory requesting him to "[s]tate and identify in clear detail each and every asset in [his] exclusive name ..." and to provide a detailed description of their location. **(Docket entry # 26).** After several procedural incidents aimed at compelling defendant to answer the interrogatory, plaintiff informed us that Mr. Padilla answered it simply stating that at the present moment he does not own any personal property but that he will inherit property once the Estate of Restituto Padilla is legally distributed. Copy of the same was attached to the motion. Upon said answer, Hershey has renewed its request for joinder.

Rule 21 of the Fed.R.Civ.P. allows the joinder of any party at any stage of the action, even after trial or on appeal, and on such terms as are just. *Data General Corp.*

*v. Grumman Systems Support Corp,* 825 F.Supp. 340, 344 (D.Mass.1993). Joinder is a matter left to the sound discretion of the court. *Paredes Figueroa v. International Air Services of Puerto Rico, Inc.,* 662 F.Supp. 1202, 1204 (D.P.R.1987); 7 Wright & Miller, *Federal Practice and Procedure,* 1986, § 1688. However, said discretion must be guided by a sense of what justice requires in a given case. That is, whether joinder is needed to afford plaintiff full relief *vis a vis* the prejudice that would result to the other parties in conjunction with the timeliness of the request. *Id.*

If the petition for joinder is allowed, plaintiff must then comply with the requirements of Rules 3 and 4 of the Federal Rules of Civil Procedure relating to the issuance of a summons and service on the added party. *Landers Seed Co. v. Champaign Nat. Bank,* 15 F.3d 729, 732 (7th Cir) cert. denied — U.S. ——, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994). Hence, when the motion is made after entry of judgment the case must then be reopened so that the new party may properly defend itself. *See* 7 Wright & Miller, *Federal Practice and Procedure,* 1986, § 1688, p. 467.

In view that the intended purpose behind Hershey's request for joinder is to be able to attach community property in order to execute the judgment, we must analyze said motion under the applicable Puerto Rico law. Rule 69(a) of the Fed.R.Civ.P. establish that the execution of a judgment shall be in accordance with the practice and procedure of the state in which the district court is held.

## EXECUTION OF JUDGMENT AGAINST COMMUNITY PROPERTY—

Under Puerto Rico law, in claims involving personal debts of one spouse, the judgment creditor may attach and execute community property only when the defendant spouse does not possess property or assets or if these are insufficient to fulfill the debt or judgment. Under this circumstances, the innocent spouse acquires an interest in the case, upon execution of judgment, that entitles it to be heard. Hence, both the conjugal partnership and the innocent spouse must be cited or summoned in order to properly defend their interests in the community property to be attached. The Puerto Rico Supreme Court has furthered required the trial court to make a prior determination of: (a) whether the obligations listed in Article 1308 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3661, pertaining to the conjugal partnership, have been met; (b) whether it's financial solvency will not be put at risk; and (c) whether all necessary measures are taken to provide that the innocent spouse shall be credited accordingly, in the event of dissolution of the partnership. Otherwise, the trial court may not properly order the execution of judgment over community property. *Cruz Viera v. Registrador,* 118 D.P.R. 911 (1987).

The present action was filed exclusively against Mr. Restituto Padilla d/b/a Padimont Candy for the collection of certain sums of monies owed to plaintiff. There is no indication in the record that said debt was incurred by the Conjugal Partnership and/or Mrs. Montalvo nor that they benefited from the same. (See Mr. Padilla's opposition to Hershey's first motion for joinder, Docket entry # 25). Neither has Hershey argued to the contrary. Thus, we must conclude that said obligation is a personal debt of defendant.

Furthermore, defendant's answer to the interrogatory clearly shows that at present he does not own any personal property. Although he will allegedly inherit property once the Estate of Restituto Padilla is legally distributed, there is no certainty as to when this event will occur and whether those assets will be sufficient to satisfy the judgment in this case. It should be noted that the judgment is for $132,863.83, of which plaintiff has only attached $227.69 from an account at Banco Santander in defendant's exclusive name. Hence, in order to afford plaintiff full relief, which so far it has been unable to obtain, we will allow the joinder of Mrs. Montalvo and the Conjugal Partnership for the **LIMITED** purpose of affording them an opportunity to be heard in regards to plaintiff's motion for execution of judgment against community property. **See,** *Cruz Viera v. Registrador,* supra.

**WHEREFORE,** for the reasons stated above, both the Conjugal Partnership's re-

quest to vacate and set aside the garnishment order served upon Hospital San Juan Capestrani and plaintiff's request for joinder are hereby **GRANTED.** (**Docket entry # 31 & 34**). The **Clerk of the Court** will issue a check to the order of the Conjugal Partnership's members in the amount of the monies garnished from Hospital S.J. Capestrani, which have been deposited with the court.[1]

Regarding the motion for joinder, the **Clerk of the Court** is **ORDERED** to **RE-OPEN** this case and **REASSIGN** it to the undersigned. Hershey is **ORDERED** to immediately serve summons upon Mrs. Montalvo, in accordance with the provisions of Rule 4 of the Fed.R.Civ.P. Since the Conjugal Partnership has appeared before this court imploring our protection, it has voluntarily submitted to our jurisdiction. Thus, no summons need to be served upon it. The **Clerk** is **ORDERED** to issue the corresponding summons.

Once Mrs. Montalvo has been properly served with process in this case, a **HEARING** will be held no later than **June 20, 1996 at 4:00 p.m.** to allow both the Conjugal Partnership and Mrs. Montalvo to be heard regarding Hershey's motion for execution of judgment against the community property. In said hearing the parties must also provide the court with evidence to properly make the required determinations under Article 1308 of the Civil Code, supra, and the case of *Cruz Viera v. Registrador,* supra.

SO ORDERED.

---

1. The record shows that a check in the amount of $1,800 was deposited on February 26, 1996. **See** Docket entry # 27.