# 98 DTA 148

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**
**PANEL II**

M & A FINANCIAL, CORP.
Apelado

v.

MARISOL EMMANUELLI CORRETJER
T/C/C MARISOL IRIZARRY CORRETJER
ISIDORO MONTES MARRERO
Apelantes

Núm. KLAN-97-00793

San Juan, Puerto Rico, a 6 de marzo de 1998

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Se apela de una resolución emitida el 3 de julio de 1997 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en la que se declaró No Ha Lugar una solicitud de impugnación de subasta radicada por la parte apelante, Marisol Emmanuelli Corretjer t/c/c Marisol Irizarry Corretjer e Isidoro Montes Marrero.

### II

Los hechos que motivan el presente recurso son los siguientes:

Marisol Emmanuelli (en adelante la apelante) fue demandada en cobro de dinero por M & A Financial, Corp. (en adelante el apelado), siendo emplazada personalmente. Esta no compareció en su defensa, recayendo sentencia en su contra por la cantidad de $6,902.51 más cargos por demora, costas y honorarios de abogado. Dicha sentencia, de fecha 2 de diciembre de 1994 y **notificada el 28 de**

diciembre de 1994, fue una en rebeldía. La apelante no interpuso remedio legal alguno contra dicha sentencia, adviniendo ésta final, firme e inapelable.

Con anterioridad a la sentencia en el pleito, el apelado anotó embargo en aseguramiento de sentencia sobre la propiedad de la apelante. Luego de todos los trámites legales en el Tribunal, el apelado solicitó la venta en pública subasta del inmueble sito en la Urb. Valle Alto #131 de Ponce, Puerto Rico (en adelante el inmueble).

El 27 de noviembre de 1996, se le adjudicó al apelado el inmueble, luego de celebrarse subasta en la oficina del Alguacil del Tribunal de Distrito, Sala de Ponce.

El 7 de enero de 1997, el apelado, a través de su representante legal, cursó carta al Sr. Isidoro Montes Marrero (en adelante Montes) donde hace constar que el inmueble le fue adjudicado y que Montes había adquirido el inmueble con posterioridad a la anotación de embargo en el caso de la apelante, por tal razón, está afectado por los resultados del procedimiento y le notifica los documentos de Sentencia en Rebeldía, Mandamiento de Venta en Pública Subasta, Edicto de Subasta y Acta de Subasta para que tuviera la oportunidad de hacer las reclamaciones que entendiera tener, dentro de los términos que provee la ley y la jurisprudencia.

El 27 de enero de 1997, la apelante compareció mediante Moción de Impugnación de Subasta, alegando que la subasta se ejecutó en violación de las leyes y derechos que le asisten. En dicha moción, alegó que era casada con Pedro Maldonado y que ni Pedro Maldonado ni la sociedad de gananciales fueron parte del pleito. Que con posterioridad a la anotación de embargo sobre el inmueble, traspasó la propiedad al acreedor de la segunda y de una tercera hipoteca. Que esta transacción se inscribió en el Registro de la Propiedad, siendo el nuevo dueño Montes. Que la subasta se llevó a cabo por la cantidad que sumaba la deuda, es decir, $10,447.13 y no por el valor en el mercado que es sobre los $120,000.

El apelado replicó a la impugnación de la subasta con fecha 5 de febrero de 1997. Entre las cosas que hace constar, menciona que el valor de compraventa de $10,447.13 solamente representa la compra de la posición del apelado en el presente caso. Que al adquirir la propiedad en subasta, también adquirió la obligación de satisfacer los créditos preferentes que existían en el inmueble, tal como hipoteca en garantía de pagaré a favor del Ponce Federal Bank por $44,500.

Que a pesar de que la parte promovente de la moción de impugnación dice que el valor en el mercado del inmueble es de $120,000, en la escritura de Dación en Pago a favor de Montes, el valor del inmueble adquirido es de $51,882.50.

Para dilucidar la impugnación, el Tribunal señaló vista el 30 de mayo de 1997 para atender el reclamo de la apelante.

Las partes comparecieron representadas por sus respectivos abogados. La parte apelante no presentó prueba alguna de impugnación. No obstante, el Tribunal para poder dirimir la controversia justamente, le concedió término para sustentar sus posiciones con documentos. Tampoco la apelante sometió documento o aclaró sus contenciones. Se hace constar, además, que Montes nunca compareció a plantear derecho alguno sobre la propiedad.

El 3 de julio de 1997, el Tribunal emitió resolución y declaró sin lugar la moción de impugnación presentada por la apelada.

### III
Procedemos a señalar los errores planteados por la parte apelante.

1. Que la subasta de la propiedad no podía ser por el valor de la deuda de $10,447.13, pues dicho valor de tazación [sic] sería irrisorio con el valor real de la propiedad, cuyo valor en el mercado es sobre los $120,000.00, constituyendo esto una injusticia.

2. Que se le violó el debido preceso [sic] de ley a los dueños registrales y ocupantes de la

propiedad, Isidoro Montes Marrero y Ricàrdo Montes Vega, pues nunca se les notificó del procedimiento de subasta impidiendo que estos [sic] comparecieran a defender sus derechos adquiridos sobre la propiedad. La propiedad le fue embargada a otra persona que no era demandante, y era otro dueño registral.

3. Que se pretende adquirir mediante subasta una propiedad cuyó [sic] valor en el mercado es de sobre $100,000.00, con la cantidad adeudada de unos $10,000.00, constituyendo esto un enriquecimiento injusto de parte de los demandantes. Dicha adjudicación es injusta estando encontra [sic] de la justicia.

4. Què el valor o tazación [sic] de la propiedad se hace para determinar el precio de embargo, para determinar el valor justo en el mercado, en cuyo caso de venta judicial se vende por el precio justo y no por la deuda.

## IV

Por los fundamentos que expresamos a continuación, se confirma la Resolución apelada.

Nuestro sistema de derecho, es uno rogado y de carácter adversativo. Se ha resuelto por nuestro más alto foro, que con el propósito de hacer la mejor justicia, aun cuando la parte recurrente no lo señale o no lo levante como error, el Tribunal entenderá en todas aquellas cuestiones que, a su juicio, ameriten ser consideradas y resueltas en un recurso. *Rodríguez Cruz v. Padilla Ayala,* 125 D.P.R. 486, 511-512 (1990); *Dávila v. Valdejully,* 84 D.P.R. 101 (1961). Esto fue lo que la Ilustrada Sala del Tribunal realizó. Atendió el reclamo de la apelante, dándole audiencia y celebrando vista. Aún más, al ésta no presentar prueba alguna de impugnación, el Tribunal le concedió a las partes término para sustanciar sus respectivas posiciones con documentos. Tampoco fue realizado por la apelante.

La Regla 10 de las de Evidencia de 1979, 32 L.P.R.A. Ap. IV, R. 10, pág. 375, dispone que:

*"El Tribunal o juzgador de hechos deberá evaluar la evidencia presentada, a los fines de determinar cuáles hechos han quedado establecidos o demostrados, con sujeción a los siguientes principios:*

*(A) ......*

*(B) La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia."*

De la lectura a la resolución emitida por el Tribunal, no solamente se le dio oportunidad a la apelante de presentar evidencia documental y testifical en vista, sino que al no hacerlo por escrito, tampoco cumplió con la orden del Tribunal.

Es menester señalar y expresarnos sobre el reclamo de la apelante de que era casada con Pedro Maldonado y que ni éste ni la sociedad de gananciales fueron parte del pleito. En la resolución del Tribunal se hace constar que la apelante no aportó evidencia alguna del enlace matrimonial existente. ¿Qué mejor evidencia que el certificado de matrimonio? Del estudio de título presentado por el apelado surge que ésta compró la propiedad, soltera. En *Cruz Viera v. Registrador,* 118 D.P.R. 911 (1987), nuestro más alto foro expresó que en las demandas en que se reclama una obligación personal a uno de los cónyuges, y llegado el momento de la ejecución de la sentencia, el otro cónyuge adquiere interés de parte en los procedimientos que afecten sus bienes, si estos bienes son de la sociedad legal de gananciales.

La sentencia ejecutada en el caso de marras no fue sobre un bien ganancial, sino sobre un bien privativo de la apelante. En vista solicitada por ésta y concedida por el Tribunal, ésta no aportó prueba de la gananciabilidad de dicho inmueble. Siendo un bien privativo el de la apelante, la prohibición de enajenar o gravar dicho bien no se extendía a él, por tal razón, no necesitaba el consentimiento de su cónyuge. De haberle demostrado al Tribunal la gananciabilidad de dicho bien, hubiese necesitado el consentimiento escrito del mismo.

Por último, sobre Montes, todo indica que al éste adquirir el inmueble por Dación en Pago de las hipotecas de las inscripciones 2da y 3ra de la apelante y al firmar dichas escrituras, tuvo que haber sido informado de los referidos embargos. Montes nunca compareció a plantear derecho alguno sobre el inmueble y todo indica que el alegado comprador lo hizo sujeto a los resultados del embargo anotado previamente, por tal, no había razón para conocer de su existencia ni aun como acreedor posterior.

El Tribunal Supremo ha resuelto que *"aquel acreedor hipotecario ejecutante puede y debe defender el estado de derecho que refleja el Registro de la Propiedad e incoar la demanda contra el que aparece como titular poseedor del inmueble gravado en el Registro al comienzo de la acción ejecutoria, e iniciado el pleito, no viene obligado a realizar inspecciones periódicas del Registro para eliminar o añadir a partes nuevas en la demanda, según pueda resultar del ejercicio de la facultad dispositiva de su deudor."* Housing Inv. Corp. v. Registrador, 110 D.P.R. 490 (1980).

## V

En virtud de lo antes expuesto, confirmamos la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 3 de julio de 1997. Por estar esencialmente correcta dicha resolución, la adoptamos por referencia, anejamos copia de la misma y la hacemos formar parte de la sentencia que dictamos en el día de hoy.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General