EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Keyla Rosario Toledo, et als<br>    Recurridos<br><br>    v.<br><br>Distribuidora Kikuet, Inc. et als<br>    Peticionarios | Certiorari<br><br>2000 TSPR 107 |

Número del Caso: CC-1998-0388

Fecha: 29/06/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Juez Ponente: Hon. Andrés E. Salas Soler

Abogado de la Parte Peticionaria: Lcdo. Goldwin Aldarondo Girald

Abogado de la Parte Recurrida: Lcdo. Manuel Porro Vizcarra

Materia: Despido Injustificado

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined.**

Keyla Rosario Toledo, et als

    Demandante-Recurridos

        v.               CC-98-388       Certiorari

Distribuidora Kikuet, Inc.
et als

    Demandados-Peticionarios

Opinión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico, a 29 de junio de 2000

¿Se extiende la definición de "patrono" contenida en las leyes laborales que prohíben el discrimen en el empleo[1], el hostigamiento sexual[2] y el discrimen por razón de género[3] al presidente de una empresa y supervisor de la alegada víctima de hostigamiento sexual, cuando éste es el autor directo de la conducta imputada?

I

El 27 de febrero de 1996, Keyla Rosario y Javier Vázquez presentaron una querella contra la Distribuidora Kikuet, Distribuidora Kikuet II, Enrique Mangual Flores, su esposa Olga Mangual y

---

[1] Ley número 100 de 30 de junio de 1959

[2] Ley número 17 de 22 de abril de 1988.

[3] Ley número 69 de 6 de julio de 1985.

la Sociedad Legal de Gananciales que ambos componen, por hostigamiento sexual, discrimen por embarazo, discrimen por razón de sexo, despido injustificado y reclamación de salarios. Imputaron al recurrente Mangual haber incurrido, como autor, en la conducta de hostigamiento sexual de la cual, alegadamente, fue víctima la señora Rosario de Vázquez. Según se expuso en la querella, el señor Mangual es el Presidente y/o accionista mayoritario y/o dueño principal de la corporación o empresa (Kikuet) para la cual trabajaba la mencionada querellante al momento de los hechos imputados en la querella.

En su contestación, los esposos Mangual alegaron como defensa afirmativa que los querellantes carecían de causa de acción en contra de ellos en su carácter personal, y de la sociedad legal de gananciales por ellos constituida, ya que éstos nunca fueron patronos de la Sra. Rosario. Solicitaron, pues, la desestimación sumaria de la querella por tal motivo.

Los querellantes Rosario y Vázquez se allanaron a la desestimación de las causas de acción al amparo de las leyes que regulan el despido injustificado, reclamaciones de salarios y discrimen por embarazo. Presentaron oposición a la desestimación de las causas de acción basadas en

discrimen por razón de sexo y hostigamiento sexual, a saber, las causas de acción al amparo de las Leyes 17, 100 y 69.[4]

El 29 de abril de 1997, el Tribunal de Primera Instancia dictó Sentencia Parcial desestimando las causas de acción contra los querellados-peticionarios por despido injustificado, reclamación de salarios y discrimen por embarazo. Dicho foro no pasó juicio sobre la desestimación de las causas de acción por discrimen por razón de sexo y hostigamiento sexual.

El 10 de junio de 1997, los co-querellados esposos Mangual y la sociedad conyugal por ellos constituída reiteraron su solicitud en cuanto a dichas causas de acción. Sin embargo, el tribunal de instancia denegó la desestimación de las mismas al estimar que tenía dudas sobre el nexo causal entre las actuaciones del señor Mangual y los daños sufridos por los querellantes. Determinó, además, que no procedía dictar sentencia sumaria de desestimación ya que existían controversias de hecho.

No conforme, los co-querellados esposos Mangual recurrieron al Tribunal de Circuito de Apelaciones y éste confirmó. Oportunamente solicitaron reconsideración, argumentando que la controversia planteada era una de derecho y que, para los efectos de la resolución de este

---

[4] Ver nota al calce número 1.

incidente en particular, aceptaban como ciertas las alegaciones de la querella. El Tribunal de Apelaciones se negó a reconsiderar. A solicitud de los esposos Mangual, le concedimos a los querellantes un término para que mostraran causa por la cual no debíamos revocar. Estos comparecieron y se allanaron a la desestimación respecto a la co-querellada Olga Mangual, limitando así la controversia a la existencia de causa de acción al amparo de las mencionadas leyes contra el señor Mangual y la sociedad legal de gananciales.

Con el beneficio de la comparecencia de las partes envueltas, procedemos a resolver.

II.

No hay duda de que la legislación en la cual se basa la querella impone responsabilidad civil al "patrono" por discrimen en el empleo por razón de sexo y por hostigamiento sexual. La controversia que tenemos ante nos es la de si el término "patrono" incluye a sus agentes, oficiales, administradores y a sus supervisores, entre otras personas que forman parte de la empresa, cuando se alega, como en este caso, y posteriormente se prueba, que éstos incurrieron en la conducta proscrita por los mencionados estatutos.

El inciso 2, del Art. 2 de la Ley Núm. 17 de 22 de abril de 1988, 29 L.P.R.A. sec. 155a (hostigamiento sexual en el empleo), dispone:

(2) "Patrono" significa toda persona natural o jurídica de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, que con ánimo de lucro o sin él, emplee personal mediante cualquier clase de compensación y sus agentes y supervisores. Incluye, además, las organizaciones obreras y otras organizaciones, grupos o asociaciones en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo. (Énfasis nuestro).

Por su parte, el inciso (1) del Art. 2 de la Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A., sec. 1322(1) (discrimen por razón de sexo), dispone:

(2) "Patrono" - incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica. (Énfasis nuestro).

Similarmente, el inciso (2) del Art. 6 de la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A., sec. 151(2) (discrimen en el empleo) dispone:

(2) "Patrono" - incluye a toda persona natural o jurídica que emplee obreros, trabajadores o

empleados, y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica. Incluirá aquellas agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas. (Énfasis nuestro).

De su faz, la lectura de estas disposiciones ponen de manifiesto que estamos ante una cuestión pura de derecho, para cuya adjudicación no es necesario la celebración de una vista evidenciaria.

Así aclarado, notamos que la tesis central del Sr. Mangual es que la Asamblea Legislativa no tuvo la intención de responsabilizar a los agentes o supervisores de una empresa por los actos discriminatorios de éstos bajo las Leyes 17, 69 y 100, supra. Aduce que "la doctrina adoptada [por la Asamblea Legislativa] fue que el patrono responde [exclusivamente] de los actos discriminatorios cometidos por sus empleados, agentes y supervisores", por lo que éstos no responden de tales actos <u>aún cuando sean cometidos por ellos mismos</u>. Fundamenta su conclusión en las recomendaciones de la Comisión de Asuntos de la Mujer respecto el proyecto que se convirtió en la Ley 17[5] y el Art. 5 de la misma ley[6]. No

---

[5] Allí se indicó:

"Una legislación que efectivamente proteja a los trabajadores del hostigamiento sexual en el empleo debe requerir la participación afirmativa y concreta del patrono. Es el patrono la persona que ejerce mayor control sobre los trabajadores y el lugar de empleo, además de ser recipiente de los frutos de la labor colectiva, quien tiene la responsabilidad mayor de asegurar un ambiente de respeto y dignidad hacia el trabajador. Nuestra realidad nos ha demostrado que la mejor forma de asegurar este compromiso por parte del patrono es adoptando medidas como la consignación de una responsabilidad patronal absoluta junto a la imposición de sanciones económicas además de imponerle al patrono la responsabilidad de tomar medidas preventivas en el empleo.

[6] El Art. 5 de la Ley 17 dispone:

obstante, omite hacer referencia alguna a las definiciones

estatutarias de "patrono".

---

"Un patrono será responsable de incurrir en hostigamiento sexual en el empleo <u>por sus actuaciones</u> y las actuaciones de sus agente o supervisores, independientemente de si los actos específicos objeto de controversia fueron autorizados o prohibidos por el patrono e independientemente de si el patrono sabía o debía estar enterado de dicha conducta". (Énfasis nuestro.)

Por su parte, los querellantes arguyen que todo lo que ha demostrado Mangual es que, bajo las Leyes 17, 69 y 100, supra, el patrono resulta responsable por las actuaciones de sus agentes, oficiales, administradores y supervisores. En contraposición, plantean que el lenguaje utilizado en las definiciones estatutarias de "patrono" expresamente incluye, entre las personas naturales que responden civilmente por actos de discrimen y hostigamiento sexual, a los agentes, oficiales, administradores y supervisores del patrono cuando éstos incurren, directa o indirectamente, en la conducta proscrita.

IV.

Es principio rector de hermenéutica, el descubrir y hacer cumplir la verdadera intención del Poder Legislativo. R.E. Bernier y J.A. Cuevas Segarra, Aprobación e Interpretación de las Leyes en Puerto Rico, San Juan, Publicaciones JTS, Inc., 2da. ed., 1987, págs. 241-42. En la consecución de ese fin los tribunales deben acudir prioritariamente al texto de la disposición de ley en controversia; si es claro y libre de ambigüedad no debe ser menospreciado bajo pretexto de cumplir su espíritu. Art. 14 del Código Civil, 31 L.P.R.A. §14.

Esa es la situación ante nos; esto es, el texto de las disposiciones de ley transcritas es claro y libre de ambigüedad. Las Leyes 17, 69 y 100, supra, prohíben el hostigamiento y discrimen sexual en el empleo e imponen responsabilidades y penalidades al patrono. Sus definiciones de "patrono" incluyen a los supervisores, oficiales, administradores y agentes de éste e invocan la intención inequívoca de la Asamblea Legislativa de responsabilizarlos por actos de hostigamiento sexual en el empleo cuando dichos actos son cometidos por éstos.

Dada su claridad y falta de ambigüedad, no hay necesidad de mirar más allá de la letra en búsqueda de la intención legislativa. "Cuando la ley es clara, la misma no está sujeta a interpretaciones." Vázquez v.

ARPE, 128 D.P.R. 513 (1991). Rodríguez v. Méndez & Compañía, res. el 18 de marzo de 1999, 99 TSPR 23.

Mangual invoca jurisprudencia de la Corte de Distrito Federal para el Distrito de Puerto Rico para fundamentar su conclusión de que, no obstante la claridad de las citadas disposiciones de ley, los supervisores y agentes del patrono no son responsables civilmente por actos de hostigamiento sexual. Los casos citados se limitan a interpretar el alcance de la definición contenida en el Título VII, 42 U.S.C. sec. 2000(e) respecto a la aplicación de dicho estatuto federal, el cual ciertamente prohíbe, entre otras cosas, el hostigamiento sexual en el lugar de empleo. El mencionado estatuto define el término "patrono" de la siguiente forma:

> "[t]he term "employer" means a person engaged in an industry affecting commerce who has **fifteen or more** employees. . . and any agent of such a person. (Énfasis nuestro)

Vemos, pues, que la mencionada legislación federal sólo es aplicable a patronos con quince o más empleados. Es dentro del contexto de esa limitación que la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, y las cortes de otros distritos, ha concluido que resultaría incomprensible responsabilizar a los agentes de una empresa bajo el Título VII cuando del texto de la ley surge la intención del legislador de no responsabilizar a los patrones de menos de quince empleados. La legislación nuestra que es objeto de examen en este caso, es mucho más abarcadora que el mencionado estatuto federal ya que incluye, no solo toda clase de patronos independientemente de la cantidad de empleados que tenga, sino también a sus supervisores, oficiales, administradores y agentes. Por tanto, tales decisiones no son aplicables al caso de marras.

Las leyes laborales son de carácter remedial, con un propósito eminentemente social y reparador. Acevedo v. Puerto Rico Sun Oil, Inc., res. el 15 de junio de 1998, 98 TSPR 73. Son instrumentos para proteger

a la clase trabajadora de los actos de hostigamiento sexual y discriminatorios del patrono en el empleo. Su interpretación liberal, a favor de aquéllos a quienes las mismas intentan proteger, es una imperativa. Véase Id., Torres v. Star Kist Caribe, Inc., 134 D.P.R. 1024 (1994); Agosto v. F.S.E., 132 D.P.R. 866 (1993).

En conclusión, resolvemos que el recurrente Mangual es un "patrono" bajo las Leyes 17, 69 y 100, supra, por lo que responde en su carácter personal por sus propios actos de hostigamiento sexual. Dicha conclusión halla apoyo adicional en el contrasentido que resultaría de una interpretación al efecto de que, por un lado, el patrono real —o sea el dueño de la empresa— será el único responsable de los actos de hostigamiento sexual realizados por sus supervisores, oficiales, administradores y agentes, y por otro lado, que le diéramos inmunidad a éstos a pesar de ser los autores directos del daño. Al responsabilizar el legislador al dueño de la empresa por la conducta de hostigamiento sexual de tales supervisores, oficiales, administradores y agentes, lo hizo con el propósito de fomentar la participación afirmativa y concreta de éste a los fines de asegurar un ambiente de respeto y dignidad hacia el trabajador (veáse n.5, ante), por lo que no podemos pensar que tuviera el legislador, al mismo tiempo, la intención de fomentar la conducta proscrita por el estatuto dándole inmunidad a los supervisores, oficiales, administradores y agentes de la empresa para que puedan incurrir en tal conducta impunemente. Es por tal motivo que el legislador dispuso en el Art. 11 de la Ley Núm. 17, 29 L.P.R.A. 155 j que "[t]oda persona responsable de hostigamiento sexual en el empleo, según se define en los artículos 1 al 13 de esta Ley, incurrirá en responsabilidad civil ...". Como se ve, dicha disposición no se limita al patrono real o dueño de la empresa, sino que se extiende a toda persona responsable de la conducta en cuestión, sin distinción de clase alguna. El error señalado no fue cometido.

V.

Ahora bien, ¿responde solidariamente la sociedad de bienes gananciales del recurrente Mangual por los propios actos de éste constitutivos de hostigamiento sexual?

La parte peticionaria arguye que no existe causa de acción en contra de la sociedad conyugal en este caso ya que la misma no es y nunca ha sido patrono de la señora Rosario de Vázquez. El Artículo 1310 del Código Civil, 31 L.P.R.A. sec. 3663, dispone:

> El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.
>
> Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.
>
> Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera la sec. 3661, si el cónyuge deudor no tuviese capital propio o fuera insuficiente; pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados. (Enfasis nuestro).

Por su parte, los recurridos sostienen, basándose en el antedicho artículo, que la sociedad legal de gananciales demandada es parte indispensable en el caso de marras "toda vez que responderá frente a los recurridos en caso de que los bienes de[l señor Mangual] no sean suficientes para responder por la sentencia que en su día podría recaer en su contra." Véase Moción en Cumplimiento de Orden, a la pág. 6. No tienen razón.

Según las claras disposiciones del artículo 1310 del Código Civil, transcrito anteriormente, es cuando uno de los cónyuges no tenga bienes propios con qué responder de una condena pecuniaria, o éstos sean insuficientes para ello, que podrá repetirse contra los bienes pertenecientes a la sociedad de gananciales, previa excusión de los bienes privativos del cónyuge legalmente responsable. Quiñones López v. Manzano Pozas, res. el 25 de junio de 1996, 141 D.P.R._____(1996). La

responsabilidad de la sociedad de gananciales en estos casos es subsidiaria.  Id.

Como regla general, el pago de multas y condenas pecuniarias que se le impongan a uno de los cónyuges no estará a cargo de la sociedad legal de gananciales.  Sin embargo, en Lugo Montalvo v. González Mañon, 104 D.P.R. 372 (1972), expusimos una excepción a dicha regla general:

> Parece claro, pues, que la doctrina entiende, creemos que con razón, que cuando la multa o condena es motivada por la comisión de un delito, como regla general. . . la responsabilidad es personal del cónyuge que lo cometió; pero en casos de responsabilidad civil extracontractual, la responsabilidad será personal o de la sociedad de gananciales según los hechos que la produjeron. Generalmente se reconoce que si la acción o gestión del marido aprovecha económicamente la masa ganancial, la responsabilidad también será de cargo de dichos bienes. Como expresa Scaevola, "quién está a las ganancias, debe estar a las pérdidas," precepto que considera que desde muy antiguo rige en materia de sociedad. (Énfasis nuestro.)

En dicho caso, resolvimos que la sociedad legal de gananciales era responsable por daños causados por una alegada impericia médica ("medical malpractice"), ya que su gestión económica profesional beneficiaba la masa ganancial.  Id.  De igual forma, en Albaladejo v. Vilella Suau, 106 D.P.R. 331 (1977), le impusimos responsabilidad civil a la sociedad legal de gananciales por los daños causados en un accidente de automóvil, cuando el vehículo era conducido por el demandado en gestiones de su empleo.  Ello debido a que el empleo de un cónyuge es para el beneficio de la sociedad legal de gananciales.

No obstante, en Orta v. Padín Ayala, 131 D.P.R. 227 (1992), resolvimos que la sociedad de gananciales de un alcalde no responde solidariamente de los daños y perjuicios que éste intencionalmente cause en el desempeño de sus funciones oficiales, por el sólo hecho de que ésta recibe beneficios económicos provenientes de los ingresos del empleo de dicho funcionario.  Igual solución se impone hoy.

En el caso de autos, el señor Mangual alegadamente hostigó sexualmente a la señora Rosario mientras se desempeñaba como presidente de la empresa y supervisor de ella.  Aunque los alegados actos del señor Mangual surgen mientras ocupaba un cargo dentro de la empresa de la cual era empleada la querellante, en el lugar de trabajo, durante horas laborales, y su empleo es para beneficio de la sociedad de gananciales, es claro que su acción intencional de hostigar sexualmente a una empleada en nada beneficia a la sociedad de bienes gananciales ni adelanta los fines del matrimonio, por lo que las consecuencias económicas no deben pesar sobre todo el patrimonio familiar.  Cualquier responsabilidad que pueda tener la sociedad de gananciales ha de ser de forma subsidiaria, previa excusión de los bienes propios del cónyuge culpable, según exige el Art. 1310, supra, y en todo caso, después de que haya recaído sentencia final y firme en contra del mencionado cónyuge.  Es en la etapa de ejecución de la sentencia dictada cuando el cónyuge inocente tendrá derecho a ser incluído en la correspondiente solicitud de ejecución de sentencia, a ser citado o emplazado con dicha moción, y a ser oído para proteger su derecho y el de la sociedad legal de gananciales previo a las indispensables determinaciones judiciales de que el cónyuge culpable no tiene bienes con que responder de la sentencia dictada o éstos son insuficientes para satisfacer la totalidad de la misma y de que la sociedad de gananciales posee bienes suficientes para sufragar las cargas y obligaciones que dispone el Art. 1308 del Códigio Civil, 31 L.P.R.A. 3661.  Cruz Viera v. Registrador, 118 D.P.R. 911, págs. 915-916 (1987).

VI.

Por todo lo antes expuesto, este Tribunal resuelve que un agente, oficial, administrador o supervisor de una empresa responde civilmente en su carácter personal, a los fines de las Leyes Núm. 17. 69 y 100, supra, en adición al patrono real, por los actos de hostigamiento sexual

cometidos por él en contra de un obrero o empleado de dicho patrono. También resolvemos que la sociedad de gananciales no responde de los daños ocasionados por los actos de hostigamiento sexual de uno de los cónyuges.

En consecuencia, se modificará la sentencia emitida por el Tribunal de Circuito de Apelaciones a los fines de revocar aquella parte la misma que denegó la desestimación de la querella incoada en este caso en contra de la Sociedad Legal de Gananciales compuesta por los esposos Mangual y, en consecuencia, se dictará sentencia desestimando tal querella respecto a dicha Sociedad. Así modificada la sentencia impugnada, se confirma la misma. Se devolverá el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

José A. Andréu García
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined.**

Keyla Rosario Toledo, et als

    Demandante-Recurridos

|  |  |  |
|---|---|---|
| v. | CC-98-388 | Certiorari |

Distribuidora Kikuet, Inc.
et als

    Demandados-Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2000

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se modifica la sentencia emitida por el Tribunal de Circuito de Apelaciones a los fines de revocar aquella parte de la misma que denegó la desestimación de la querella incoada en este caso en contra a la Sociedad Legal de Gananciales compuesta por los esposos Mangual, y se dicta sentencia desestimando tal querella respecto a dicha Sociedad. Así modificada la sentencia impugnada, se confirma la misma. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretario Tribunal Supremo